SCHOOL DISTRICT No. 10 v. W. H. COLLINS.

SCHOOL-DISTRICT ORDERS; *Irregular Payment, held Good.* On March 11, 1874, a school-district order was drawn in favor of W. upon the treasurer of the district for $126, in payment of W.'s wages as teacher, and payable out of the teachers' fund belonging to the district. Prior to this time, but after the indebtedness to W. had nearly all accrued, he drew several orders upon the treasurer of the district as treasurer, for portions of this indebtedness, which orders were accepted and paid. These orders were to pay certain sums of money, and each contained the clause, "and this shall be your receipt to me for the same as teacher of school in said district." Upon the receipt of the school-district order, W. presented it to the treasurer and demanded payment. The treasurer tendered him the several individual orders above mentioned, and the balance in currency. W. refused to receive this, indorsed the school-district order to C., who received it with full knowledge of all the facts: *held,* that a judgment in favor of C. for the full amount of the school-district order was erroneous, and should be reversed.

*Error from Washington District Court.*

ACTION by *Collins,* as assignee of one C. W. Walker, to recover the amount of a school-district order issued to the latter in payment of teacher's wages by *School District No. 10 of Washington County.* The *School District* answered, setting up two defenses — first, a general denial; second, that said Walker, after his money was nearly all earned, and before the district order therefor was issued to him, had drawn his three several orders on the district treasurer — (these orders are fully described in the opinion, *infra*) — which orders were accepted by said treasurer, and by him paid out of the teachers' fund; that afterward said Walker presented to said treasurer said district order for payment, when said treasurer tendered him the three orders so drawn by Walker and paid by said treasurer, and the balance in lawful currency in payment of said school-district order, which Walker refused to accept; that afterward the plaintiff *Collins,* with full knowledge of all the facts, and well-knowing that said school-district order had been fully paid and satisfied, took the

same from said Walker, but without paying anything therefor — wherefore, etc. To this second defense the plaintiff demurred; and the district court, at the August Term 1874, sustained the demurrer. The *School District* not wishing to answer over, the court gave judgment on said demurrer in favor of *Collins* for $130.15 and costs, and the *School District* brings the case here on error.

*J. W. Rector*, for plaintiff in error:

The court erred in sustaining the demurrer to the defendant's answer. Said district order was not a negotiable instrument. Such orders show on their face for what purpose, and by what authority they are issued, and thus carry notice to all holders, and they must ascertain, at their peril, what defenses exist against them. (*Newel v. School District*, Chicago Legal News, March 14th, 1874, page 198.) Hence there can be no such thing as an innocent purchaser or holder in good faith of such orders. But were it otherwise, still in this case Collins got said order after maturity, as Walker had demanded payment of it before assigning it to Collins, and it became due at the time of the demand, at the very latest. And even if said order *were* negotiable, and if Collins got it *before* due, still, said answer alleged that Collins took it with full notice, and without paying value. Therefore, in either event, Collins stood in the shoes of Walker, the original payee, and if Walker could not have compelled the district to pay said order to him a second time, then neither could *Collins* collect it. It is true, the money was paid on his private orders on the treasurer of the district, and not a regular order issued by the board; but after it had been thus paid at his request, and for his benefit, to pay his debts, he would not afterward be heard to deny that said payment was good in law and equity. Such a claim would be inequitable and fraudulent on its face, and he would be estopped from setting it up. Bigelow on Estoppel, 581; 5 Allen, 165; 97 Mass. 175.

*Joseph G. Lowe,* for defendant in error:

1. The second defense set forth in the answer of the school district constitutes no legal defense to plaintiff's cause of action. The treasurer shall pay over, on the order of the clerk, signed by the director, all moneys so received. (School Law, Gen. Stat. 923, § 38.) The duties of the treasurer are plainly prescribed by law. Any act of his unauthorized by the provisions of the statute is void. (6 Chicago Legal News, 198, March 14th 1874.) The payment by the treasurer of the order given by Walker to Barley & Young, Cullemore Bros., and Thomas Haak, was unauthorized, hence the payment did not amount to a payment by the district. It was but the individual payment of the treasurer of the private and individual orders of Walker, and did not liquidate the debt of the district upon the order regularly issued. It will be conceded that the treasurer exceeded his authority. Then, shall such violation of duty on the part of a public servant prejudice the claims of plaintiff below, who, acting upon the best authority in purchasing the order, found the same had not been paid, and that the district was liable on such order?

2. If it was error to sustain the demurrer to the second defense, such error did not prejudice the rights of the school district. (10 Kas. 128; 9 Kas. 620.) General denial raised every issue that could be raised by the special defense. If ordinarily the payment of the individual order by the treasurer would have been a defense, then as the record does not set forth the evidence the court cannot say whether there was error of the court below or not. The court should have a right first to correct its own errors. No notice for a new trial being made, no error appears.

The opinion of the court was delivered by

BREWER, J.: This was an action on a school-district order. The defense was payment. The facts are these: On March 11th 1874, a school-district order was drawn by the director and clerk of said school district upon its treasurer, and pay-

able to C. W. Walker, or order, out of the teachers' fund, for $126, for teaching school. In February 1874, Walker drew upon the said treasurer in payment of certain indebtedness three several orders, amounting to $125.93, which, on the 10th of March, were accepted by the treasurer, and on or before the 16th paid by him out of the teachers' fund belonging to the district. This was one of the orders:

WASHINGTON, WASHINGTON COUNTY, KAS.,<br>February 18th, 1874.

*Treasurer of District No. 10:* Please pay to the order of Cullemore & Brothers twenty dollars, and this shall be your receipt to me for the same as teacher of school in said district.

C. W. WALKER.

The other orders were similar. On the 16th of March, Walker, then the holder and owner of the school-district order, presented the same to the treasurer, who tendered him the three orders so accepted and paid as aforesaid, and seven cents in currency, the same making the full amount of the school-district order, but Walker refused to receive this payment, and thereafter indorsed the order to plaintiff Collins, who received the same with full knowledge of all the facts.

Was the district liable? Of course, Collins has no higher rights than Walker; and any defense good against the latter is good against the former. And we think the facts make out a defense as against either. Of course, the district cannot avail itself of any private transactions between the treasurer and the teacher, or offset a debt due from the latter to the former against its own indebtedness. But on the other hand, if Walker has received out of the funds of the district payment of its indebtedness to him, no matter how irregularly it has been received, he is estopped from denying it to be payment. Supposing he had stolen so much money from the funds of the district in the hands of its treasurer: could not the district set off the amount thus stolen against his claim? So, if in any way without crime he has received out of the same funds any moneys, such receipt is to that extent payment of its debt. In the case before us, after the indebtedness had

27—16 KAS.

nearly all accrued he draws an order, not upon any individual as such, and without naming any individual, but upon the *treasurer* of the district, the custodian of the funds of that corporation which is in debt to him, and specifies in the order that it shall be a receipt to him for the debt due by the district. This order is accepted and paid. Grant that it was done irregularly, and that the treasurer should have waited until the official evidence of the district's indebtedness was presented; but as it was done, and Walker received the benefit of it, he at least is estopped from saying that it was not regularly done. He cannot say that it was a mere private transaction between himself and the individual who happened to be at the time treasurer of the district, for the order which he drew shows the contrary. He has received his pay once, and neither law nor good conscience will tolerate that he recover it again.

It is scarcely necessary to say that after a question has been once fairly presented and decided on a demurrer, it is unnecessary, if it were proper, to raise it again by the offer of testimony.

The judgment will be reversed, and the case remanded with instructions to overrule the demurrer to the second defense, and for further proceedings in accordance with the views herein expressed.

All the Justices concurring.