THE STATE OF NEBRASKA, EX REL. JEROME COOK AND JOSEPH VAN VOLIN, V. WILLIAM S. BLOOM, TREASURER.

School District Money. Money can be drawn from the treasury of a school district only by orders on the treasurer signed by the director and countersigned by the moderator.

ORIGINAL application for mandamus.

John M. Ragan and D. W. Barker, for relator.

Case & McNeny, for respondent.

MAXWELL, CH. J.

This is an application for a mandamus to compel the defendant to pay a certain school order of which the following is a copy:

" $3,000.00.

"STATE OF NEBRASKA,  }
NUCKOLLS COUNTY, January 15th, 1886. }

"Treasurer of school district No. 11, of Nuckolls county, Nebraska: Pay to the order of assignees of J. T. Donahoo, Messrs. Cook and Van Volin, the sum of three thousand dollars, as per contract, out of any money in your hands belonging to the fund for building.

"GEORGE BROWN, *Supt. Architect.*
"GEO. F. COLTON, *Director.*

" Countersigned,
"G. L. DAY, *Moderator.*"

The facts in the case, as they appear from the record, are briefly these: That on the 19th of August, 1885, one James T. Donahoo entered into a contract with the proper officers of school district eleven, of Nuckolls county, to erect a school building in said district according to certain plans and specifications prepared by an architect; that said work was to be completed according to the plans and specifications, and to the satisfaction of the architect. The price to be paid said Donahoo was $11,800, to be paid as follows: Two thousand dollars when the basement was completed, and the first floor joists laid; $2,000 when the first story was erected, and the second floor joists laid; $3,000 when the building was enclosed, and the roof put on, and the remainder, being $4,800, when the building was completed and accepted. To secure the performance of the contract Donahoo gave a bond to the district in the sum of $15,000, with the relators as sureties. Donahoo completed the basement and the first story, and laid the joists for the second floor, all of such work being done to the satisfaction of the architect, and obtained warrants on the defendant for $4,000, which were paid. Donahoo then went to his sureties and stated to them that he was unable to complete the contract, and thereupon the sureties took an assignment of the contract to themselves, and with

the assent of the school board entered upon the completion of the building, and on enclosing the same and putting on the roof the warrant in question was drawn on the defendant, who refused to pay the same, principally on the ground that Donahoo had drawn his personal orders to an amount in excess of $2,600 on said fund, which orders had been paid. The following is a copy of one of the orders:

"$1,000.                   CITIZEN'S BANK,            }
                    SUPERIOR, NEB., Oct. 15th, 1885. }

"At sight pay to the order of Citizen's Bank one thousand dollars, with exchange, value received, and charge same to account of

"JAS. T. DONAHOO.

" *To W. S. Bloom, Treasurer S. D. No. 11, Superior, Neb.*"

The question presented is, does the payment of these personal drafts to Donahoo constitute any defense to this action? We think not. The contract provides the terms and conditions on which the contractor was to be paid and the treasurer has not the power to change the same. If he pays out money upon the personal obligations of a party he does so at his peril.

Sec. 16, subdivision 4, chap. 79, Comp. St., provides that, the director " shall draw and sign all orders upon the treasurer for all moneys to be *disbursed by the district,* and all warrants upon the county treasurer for moneys raised for district purposes, or apportioned to the district by the county superintendent, and present the same to the moderator to be countersigned by him, and no warrant shall be issued until so countersigned. No warrant shall be countersigned by the moderator until the amount for which the warrant is drawn is written upon its face. The moderator shall keep a record in a book furnished by the district of the amount, date, purpose for which drawn, and name of person to whom issued of each warrant countersigned by him."

Section 5 of the same subdivision and chapter provides that, " It shall be the duty of the treasurer of each district to apply for and receive from the county treasurer all school moneys apportioned to the district or collected for the same by said county treasurer, upon order of the director, *countersigned by the moderator*, and to pay over on the order of the director, *countersigned by the moderator* of such district, all moneys received by him."

These provisions are decisive of this case, and the payment by the defendant of Donahoo's drafts is no defense to this action.    And as it appears that there are sufficient funds in the hands of the treasurer belonging to the district to pay the order in question a peremptory writ will issue as prayed.

Since the opinion in this case was prepared, the attorneys for the defendant have called the attention of the court to section 11, subdivision 3, chap. 79, Comp. St., which provides that certain disputed matters shall be referred to the county superintendent, who, if necessary, shall apply for a mandamus.    This, however, will not prevent a party in a proper case from bringing an action in his own name. We are also referred to *School District v. Collins*, 16 Kan., 406, which we do not think applicable to the facts in this case.

WRIT AWARDED.

THE other judges concur.