O. D. MONTGOMERY, MODERATOR, V. STATE OF NE-
BRASKA, EX REL. ELMER E. THOMPSON, COUNTY
SUPERINTENDENT.

[FILED NOVEMBER 10, 1892.]

1. **Mandamus**: MODERATOR OF SCHOOL DISTRICT: REFUSAL TO
COUNTERSIGN ORDERS.   It is the duty of the moderator of a
school district to countersign all proper orders drawn by the di-
rector on the district treasurer, and if he refuses to countersign
such an order, issued in full compliance with the provisions of
law, *mandamus* will lie to compel the performance of such duty.

2. ———: ———: RIGHT OF COUNTY SUPERINTENDENT TO APPLY
FOR WRIT.   A moderator refused to countersign an order prop-
erly drawn upon the treasurer and the matter was submitted
for adjudication to the county superintendent, who, after inves-
tigation, found that the officer refused to sign the order for in-
sufficient reasons.   *Held*, That under the statute the county
superintendent had the right, on behalf of the district, to apply
to the proper court for a writ of *mandamus* to compel the officer
to perform his duty.

3. **Employment of Teacher**: VALIDITY OF CONTRACT.   A con-
tract of employment of a teacher entered into on behalf of the
district by the director and treasurer will bind the district,
although the moderator was not consulted concerning the em-
ployment.

ERROR to the district court for Hall county.   Tried
below before HARRISON, J.

*Thummel & Platt*, for plaintiff in error.

*Charles G. Ryan*, contra.

NORVAL, J.

This action was brought in the court below by the state,
on the relation of the county superintendent of schools of
Hall county, for a peremptory *mandamus* to require and
compel the plaintiff in error, as moderator of school district

No. 27, of said county, to sign certain school orders drawn by the director of said district upon the school district treasurer in payment of teachers' wages. An alternative writ of *mandamus* was issued, to which the respondent filed a motion to quash on the following grounds:

1. Plaintiff has no legal capacity to sue.

2. Defect of parties plaintiff.

3. The facts alleged are insufficient to entitle the relator to the relief demanded.

The motion being overruled, respondent answered, and upon the hearing the issues were found in favor of relator and a peremptory *mandamus* was granted as prayed. A motion for a new trial was made and denied. To reverse the judgment the cause is brought into this court on error.

The facts alleged and proved are substantially these: On or about the 29th day of July, 1889, James Bly and Nelson Wescott, the director and treasurer respectively of school district 27 of Hall county, entered into a written contract on behalf of said district with one Katie E. Costello, a legally qualified teacher of said county, by which she was employed to teach the school of said district for the period of six months, commencing on the 2d day of September, 1889, at an agreed salary or wages of $37.50 per month, payable at the end of each month.

In pursuance of said contract said Costello taught the school of said district for the full term of six months, and in part payment for the services so rendered as such teacher, the said James Bly, as director of said school district, drew two orders upon the treasurer of said school district in favor of said Costello, one for the sum of $37 and the other for $38. Both of these orders, after being duly signed by said Bly as director, were presented to the respondent, the moderator of the said school district, with a request that he countersign the said orders, which request he refused to comply with. Thereupon the matter of the refusal of the respondent to countersign said orders was

submitted for adjudication to the relator, as county superintendent, who, after investigation, found that the respondent, through contumacy, unreasonably refused to countersign said orders. The respondent still refusing to countersign the same, although the county superintendent presented the orders to him with a request that he sign the same, the relator instituted this action.

Section 16, subdivision 4, chapter 79, Compiled Statutes, provides that the director "shall draw and sign all orders upon the treasurer for all moneys to be disbursed by the district, and all warrants upon the county treasurer for moneys raised for district purposes, or apportioned to the district by the county superintendent, and present the same to the moderator, to be countersigned by him, and no warrant shall be issued until so countersigned. No warrant shall be countersigned by the moderator until the amount for which the warrant is drawn is written upon its face. The moderator shall keep a record, in a book furnished by the district, of the amount, date, purpose for which drawn, and name of person to whom issued, of each warrant countersigned by him."

By the above statutory provision it is made the duty of the moderator of a school district to countersign all proper orders drawn and signed by the director upon the district treasurer for moneys to be disbursed by the district. The treasurer of a school district has no authority to pay out moneys belonging to the district, except upon orders signed by the director and countersigned by the moderator. (Section 5, subdivision 4, of said chapter 79; State v. Bloom, 19 Neb., 562.)

It is urged that relator has no capacity to sue, and that there is a defect of parties plaintiff. We think ample authority for bringing the action is conferred upon the relator by section 11, subdivision 3, chapter 79, Compiled Statutes, which provides that "whenever a director or moderator refuses to sign orders on the treasurer, or

the treasurer thinks best to refuse the payment of orders drawn upon him, the difficulty shall be referred for adjudication to the county superintendent, who shall proceed at once to investigate the matter, and if he finds that the officer complained of refuses, through contumacy or for insufficient reasons, it shall be the duty of the superintendent on behalf of the district to apply to the proper court for a writ of *mandamus* to compel the officer to perform his duty."

The language of the section quoted is clear and explicit, and leaves no room for interpretation. In the case at bar the petition, as well as the proof, shows that the matter of the refusal of the respondent to countersign the warrants in question was submitted to the relator as county superintendent, and, upon investigation, he found that respondent refused to countersign the orders without his having any valid ground or excuse therefor. Such being the case, the right of the county superintendent to apply to the court for a *mandamus* to compel the respondent to countersign the orders cannot be doubted. Notwithstanding the power thus conferred upon the county superintendent by the statute, Miss Costello could have brought the action in her own name, yet she was not obliged so to do, nor was it necessary that she should have been joined as a relator herein. The fact that a third party advanced the money on the orders to the payee therein named did not bar the right of the county superintendent to institute the suit, nor was the person so advancing the money a necessary party to the action. It fully appears from the record before us that the application for *mandamus* was brought by the relator on behalf of the school district. This was sufficient.

The objection that relator failed to prove that Miss Costello was a qualified teacher is not sustained by the record. The bill of exceptions shows that during the time she taught the school she held a second grade certificate from the county superintendent of Hall county, authorizing her

to teach school in such county.  She therefore possessed a proper certificate of qualification, and the respondent's refusal to countersign the warrants upon that ground is without merit.

Upon the trial some evidence was introduced by respondent tending to show that the moderator took no part in the employment of the teacher, and that he neither had notice of or participated in the meeting of the school district board at which she was employed.  The evidence established that the respondent was consulted by the other two members of the board concerning her employment, and that he declined to hire her at a compensation exceeding $30 per month.  It is immaterial that there was no formal meeting of the board authorizing her employment or that respondent did not consent to the making of the contract. The employment is not for that reason invalid.  As stated by the present chief justice in his opinion in *Russell v. State*, 13 Neb., 68, "the director, with the assent of either the moderator or treasurer, may hire teachers, or if the moderator and treasurer agree upon a teacher they may require the director to employ the person agreed upon, or in case of his refusal undoubtedly may themselves employ such person.  In order to secure harmony in the district, it is desirable that all those entrusted with the duty of hiring teachers should agree upon the person to be employed, but it is not necessary to the validity of the contract.  The law imposes upon the director the duty of hiring, either at the request of his colleagues or with the assent of one of them.  The law having specially authorized the director to perform this duty, it is not necessary to the validity of the contract that there should be a meeting of the school board, or even that all the members thereof should be consulted in relation thereto or notified of the employment."  The contract entered into by a majority of the board on behalf of the school district is valid and binding.  And as it appears that the respondent failed to perform a plain statutory

duty, the district court did not err in awarding a peremptory writ of *mandamus* to compel him to perform such duty. The judgment is

AFFIRMED.

THE other judges concur.