Pennock *et al.* v. State *ex rel.* Hood *et al.*—Syllabus.

———

HERBERT A. PENNOCK, H. T. GRANT, J. J. SCABINGER AND JAMES C. HARRIS, *Plaintiffs in Error*, v. STATE *ex rel.* H. C. HOOD, GUY I. METCALF AND F. W. MILLER, AS TRUSTEES OF SPECIAL TAX SCHOOL DISTRICT No. 1 OF PALM BEACH COUNTY, *Defendants in Error*.

MANDAMUS—TO ENFORCE PRIVATE RIGHT—RELATORS— LAWS SAFEGUARDING EXPENDITURE OF SCHOOL FUNDS—STRICTLY CONSTRUED.

1. Mandamus will not lie to compel action upon the part of public officers, when it is apparent that the relator has no direct interest in the action sought to be coerced, and that no benefit can accrue to him from its performance. To authorize the re-

lief, it must clearly appear that there is a specific ministerial duty, in the performance of which the applicant for relief is directly interested. The writ will not be granted merely for the purpose of defining the powers and duties of public officers, independent of any direct personal interest upon the part of him who seeks the relief.

2. School funds being under our institutions regarded as a sacred trust, the provisions of law safeguarding its expenditure should be strictly construed: *Held*, That under the provisions of section 414 General Statutes of 1906, forbidding the creation of any debt by the trustees of any Special Tax School District without the approval of the county board of public instruction, no debt or claim against such funds should be enforced by mandamus unless such precedent approval by such county board of public instruction of the creation of such debt or claim be first shown.

This case was decided by Division B.

Writ of error to the Circuit Court for Palm Beach County.

The facts in the case are stated in the opinion of the court.

*C. C. Chillingworth*, for Plaintiffs in Error;

*Hudson & Boggs*, for Defendants in Error.

TAYLOR, J.—On the relation of the defendants in error in the Circuit Court of Palm Beach County the following alternative writ of mandamus was issued by order of the Circuit Judge:

"The State of Florida to Herbert A. Pennock, H. T. Grant and J. J. Schabinger, members of the Board of Public Instruction of Palm Beach County, and James

C. Harris, Secretary of said Board and County Superintendent of Public Instruction of said county—greeting:

Whereas, by a petition filed in this court in the name of the State of Florida upon the relation of Special Tax School District No. 1, and H. C. Hood, Guy I. Metcalf and F. W. Miller, Trustees of said District, it has been made to appear that said Special Tax School District No. 1 is a Special Tax School District of the County of Palm Beach and State of Florida duly created and organized under the laws of this State, and that the petitioners H. C. Hood, Guy I. Metcalf and F. W. Miller are the Trustees of said Special Tax School District duly elected, qualified and acting in accordance with the laws of this State, and that the repondents Herbert A. Pennock, H. T. Grant and J. J. Scabinger are members of and constitute the Board of Public Instruction of Palm Beach County, and that the respondent James C. Harris is County Superintendent of said County and Secretary of said Board of Public Instruction, and that the said Herbert A. Pennock is chairman of said board, and that the petitioners, the Trustees aforesaid, have approved a certain bill in the sum of four hundred and fifty dollars presented by W. I. Metcalf, Mitchell D. Price and Hudson and Boggs, attorneys and solicitors of this court, for retainer fee of the said attorneys and solicitors for conducting and defending certain suits now and lately pending in this court wherein the interests of said Special Tax School District were involved, and that the said Trustees have duly made requisition upon the respondent Herbert A. Pennock, H. T. Grant and J. J. Schabinger, as members of and constituting the County Board of Public Instruction of Palm Beach County, on to-wit, the 8th day of March, 1910, at a regular meeting of said Board, for

the issuance of a warrant to the said W. I. Metcalf, Mitchell D. Price and Hudson and Boggs as provided by law, and that at said time there were moneys in the hands of the County Treasurer of Palm Beach County belonging to the said Special Tax School District No. 1 and not set apart for teachers' salaries sufficient to pay such warrant, and that the respondents, the members of the Board of Public Instruction of Palm Beach County as aforesaid, did refuse and fail to issue the said warrant and still refuse so to do.

Now, therefore, we being willing that full and speedy justice should be done in the premises, do command you Herbert A. Pennock, H. T. Grant and J. J. Schabinger, members of the said Board of Public Instruction, to promptly meet and cause the said warrant to be drawn, signed, issued and delivered to the said W. I. Metcalf, Mitchell D. Price and Hudson and Boggs, and that you Herbert A. Pennock, as Chairman of said Board, and you James C. Harris, as Secretary of said Board and Superintendent of Public Instruction of said county, do draw and sign and deliver the said warrant, or that you show cause why you have not done so before me, at Titusville, Florida, at ten o'clock in the morning on the 24th day of March, 1910, and have you then and there this writ."

After orders overruling a motion to quash and a demurrer to this alternative writ the respondents answered same, and upon such answer the court below granted a peremptory writ, and for review of this judgment the respondents below bring the case here by writ of error.

The 3rd, 5th and 6th grounds of both the motion to quash and the demurrer are as follows:

"3.  The alternative writ does not allege that the alleged indebtedness, payment of which is sought to be enforced by relators herein was created by or with the

approval or consent of the Board of Public Instruction of Palm Beach County, and such approval or consent not having been obtained, there is no legal or proper claim or debt to be enforced against respondents as such Board of Public Instruction."

"5.   The allegations of the alternative writ show that the claim sought to be enforced is in favor of parties other than relators; that relators have no interest whatever in the subject matter of this suit; and suit for the enforcement of payment of said claim does not lie at the instance of relators."

"6.   The alternative writ shows that the said attorneys in whose favor said claim is alleged to exist, if such claim were a legal and proper charge or obligation, would be entitled to prosecute a suit in assumpsit for the collection of said claim; and said attorneys, having an adequate remedy by other proceedings at law if such claim is a legal or proper charge or obligation, are not entitled to enforce collection of the same by mandamus, or to have relators so enforce such payment."

All of these grounds of the motion to quash the alternative writ and of the demurrer thereto are well taken and should have been sustained by the court below.  In High's Extraordinary Legal Remedies (3rd ed.) § 33, it is tersely said:  "It is, of course, essential to the granting of the writ as against public officers that the relator on whose application the relief is sought should show some personal interest whose protection he seeks to enforce.   And it may be stated as a general principle that mandamus will not lie to compel action upon the part of public officers, when it is apparent that the relator has no direct interest in the action sought to be coerced, and that no benefit can accrue to him from its performance.   To authorize the relief, therefore, it must clearly appear that there is

a specific ministerial duty, in the performance of which the applicant for relief is directly interested. And the writ will not be granted merely for the purpose of defining the powers and duties of public officers, independent of any direct personal interest upon the part of him who seeks the relief." 2 Spelling on Injunctions and Other Extraordinary Remedies, §§ 1625 and 1626.

The purpose of the writ here is to coerce the issuance to third persons, who are not relators, of a warrant in payment to such third persons of an indebtedness alleged to be due to such third parties, in which claim the relators have no sort of interest whatsoever, and the motion to quash the alternative writ should have been granted upon this ground. But again section 414 of the General Statutes of 1906 provides that: "The trustees of any school district shall be a corporation and may hold property, sue and be sued, and perform other corporate functions, and perform the usual duties necessary to provide buildings, repair the same, and to purchase libraries and other school appliances: Provided, That no debt shall be created without the approval of the county board of public instruction." The alternative writ fails to show that the indebtedness sought to be enforced by the writ was created with the approval of the respondents as the county board of public instruction, the school funds being under our system regarded as a sacred trust, the provisions of law safeguarding its expenditure should be strictly construed; and where as here the law in such plain terms forbids the creation of *any indebtedness* against such fund without the approval of the county board of public instruction, no debt or claim against such funds should be enforced by mandamus unless such precedent approval by such county board of public instruction of the creation of such debt or claim be first shown.

It follows from what has been said that the court below erred in overruling the motion to quash the alternative writ, and, consequently, erred in awarding the peremptory writ. The judgment of the court below in said cause is hereby reversed, and the cause remanded with directions to quash and to dismiss the alternative writ at the personal cost of the relators the defendants in error here.

HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.