C. W: WIECKING, *Plaintiff in Error*, v. STATE *ex rel.* S. S. COACHMAN, L. D. VINSON AND J. T. LOWE, *Defendants in Error.*

## Opinion Filed June 25, 1913.

The County Commissioners are not the proper parties to mandamus the clerk to draw a warrant ordered by them in favor of private parties.

Writ of Error to Circuit Court of Pinellas County; F. M. Robles, Judge.

Judgment reversed.

*W. H. Surrency,* for Plaintiff in error;

*Sparkman & Carter* and *Jas. F. Glen,* for Defendants in error.

COCKRELL, J.—Upon the relation of three of the County Commissioners of Pinellas County, Wiecking as County Clerk and *ex officio* Clerk of the Board was mandamused to prepare, sign and issue a warrant directed to the County Treasurer in favor of F. M. Simonton, Sparkman

& Carter, and James F. Glen for the sum of two thousand dollars, as the fee for services rendered and to be rendered by them as attorneys for the Board in the matter of a contest pending over the calling of a county seat election.

The objection raised by the respondents, that the commissioners are not the proper parties should have been sustained, upon the direct authority of Pennock v. State *ex rel.* Hood, 61 Fla. 383, 54 South. Rep. 1004.

After the commissioners have ordered the warrant to issue, the direct pecuniary interest in the perfecting of that warrant is in those named as its beneficiaries, and the county should not be put to the expense of employing counsel and incurring a liability for costs for the primary benefit of these private individuals.

The case of Holland v. State *ex rel.* Duval County, 23 Fla. 123, 1 South. Rep. 521, involved the continuing care and management of the county convicts, a peculiarly public duty and not a private right; while Ray v. Wilson, 29 Fla. 342, 10 South. Rep. 613, is authority to the right of the private party to whom the warrant is issued to compel the County Treasurer to pay it. Montgomery v. State *ex rel.* Thompson, 35 Neb. 655, 53 N. W. Rep. 568, is planted squarely upon a statute of that State, making it the duty of the county superintendent to bring mandamus, if after investigation he find the treasurer contumacious in refusing to pay a school warrant.

Our own decision in the Pennock case is directly in line with Portland Stone Ware Co. v. Taylor, 17 R. I. 33, 19 Atl. Rep. 1086, and State *ex rel.* Starrett, v. James, 14 Wash. 82, 44 Pac. Rep. 116. The action is one merely to enforce a private demand and the interested parties are the ones who hold the claims and to whom the warrant,

if legal, should be issued; and as to whom an unfavorable judgment would be *res adjudicata*.

Judgment reversed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.