STATE OF FLORIDA *ex rel.* J. GEORGE WHITE, J. D. McCUR-
DY, GUS A. SODERLIND, H. E. GANDY AND L. W. HARDY,
AS AND CONSTITUTING THE BOARD OF COUNTY COMMIS-
SIONERS OF ESCAMBIA COUNTY, FLORIDA, *Relators*, v.
JAMES MACGIBBON, AS CLERK OF THE CIRCUIT COURT OF
ESCAMBIA COUNTY, FLORIDA, AND EX OFFICIO CLERK OF
THE BOARD OF COUNTY COMMISSIONERS OF SAID COUNTY,
*Respondent.*

Opinion Filed February 6, 1920.

## MANDAMUS—WHEN LIES TO COMPEL MINISTE-RIAL OFFICER TO PERFORM DUTY RE-QUIRED BY LAW.

1. Boards of County Commissioners are proper parties relators in mandamus proceedings to compel the Circuit Court clerk as *ex officio* clerk of their Board to draw and sign a warrant ordered by the Board on the county's funds with which to pay for and procure a title to and possession of land purchased for the county by such board from which to procure materials for the construction of the public roads of their county, even though such warrant is to be drawn in favor of and made payable to a third party the vendor of the land that such warrant is to pay the purchase price of.

2. The headnote in the published reports of the case if Wiecking v. State *ex rel.* Coachman., 66 Fla. 49, 62 South. Rep. 898, is misleadingly broad, and is hereby qualified so as to read as follows: "The county commissioners are not the proper parties to mandamus the clerk to draw a warrant ordered by them in favor of private parties, unless such Commissioners are officially directly interested in the payment of such warrant."

A Writ of Error to the Court of Record for Escambia County; C. Moreno Jones, Judge.

Judgment reversed.

*R. Pope Reese,* for Relators;

*Blount* & *Blount* & *Carter,* for Respondent.

TAYLOR, J.—The above named Board of County Commissioners of Escambia County sued out a writ of mandamus in the Court of Record of said County against James MacGibbon as Clerk of the Circuit Court of said county and *ex officio* Clerk of said Board of County Commissioners, to compel him to draw, countersign and seal a warrant on the county road funds payable to one J. D. Hall, with which to purchase from said Hall certain described lots of land for said county from which to take deposits of clay thereon for use on the hard surface roads in said county. The respondent demurred to the alternative writ upon the sole ground that the relators are not proper parties to this proceeding, and have no such interest therein in the subject-matter thereof as authorizes them to maintain same as relators. The court below sustained this demurrer and dismissed the writ, and the relator, County Commissioners, have brought this judgment here for review by writ of error.

Shortly stated, the alternative writ alleges in substance, that said relators in pursuance of their duties as such County Commissioners over the public roads of the county finding it necessary to purchase clay to be used in the repair and rebuilding of certain named county public roads, found such suitable clay deposits upon certain described lots of land, near and adjacent to the roads to be repaired, that were owned by unencumbered title in fee simple by one J. D. Hall. That the said Hall proposed to said Commissioners to sell and convey to them by un-

encumbered fee simple title the said lots of land contain-
ing such clay deposits upon the payment by them of the
price of $620.00 therefor.    That by resolution adopted at
a meeting of said Board of County Commissioners the
said offer to sell said lots by said Hall at the said price
named was accepted, and a warrant for the said purchase
price was ordered to be drawn on the road funds of the
county and signed by the chairman of the board  and
its clerk and delivered to the said Hall upon the delivery
by him of a deed duly executed by him and his wife to
the said clay lots.    That the said Escambia County is
precluded and prevented from getting possession of the
said clay lots from said Hall until the purchase money is
paid over to him by the said county.

That the said MacGibbon as such *ex officio* Clerk of
said Board of Coutny Commissioners, although regular-
ly and legally ordered to draw, sign and seal said war-
rant for the purchase of said lots has refused and still
refuses so to do, etc.

The court below erred in sustaining this demurrer to
the alternative writ.

Under our statutes the Boards of County Commission-
ers are given plenary power and authority over the loca-
tion, building, repairing and keeping in order the public
roads in their respective counties, and it is made one of
their continuous duties so to locate, build, repair and
keep said roads in good order.

We have not overlooked the provisions of Chapter 6883,
Laws apprved June 2nd, 1915, creating a State Road De-
partment, and Chapter 7328, Laws approved May 19th,
1917, and Chapter 7899, Laws approved June 9th, 1919,
and Chapter 7900, approved June 11th, 1919, amendatory
thereof; but there is nothing in the provisions of either

of these acts that affect the authority of the Board of County Commissioners over the matter or question involved in this suit, viz: The purchase of and payment of land for their county from which to get suitable material for the construction of the public roads in their county.

In the case at bar they urgently needed the clay deposits on the lots in question for immediate use in the rebuilding and repair of certain of such roads that were among the most constantly used highways in the county, and in their official capacity were directly interested in procuring the clay deposits upon said lots for use in the reconstruction of said roads, and as shown by the alternative writ, they could not get possession of said lots with the clay deposits thereon without first paying the purchase price represented by such draft or warrant on the road funds of the county.

This court in the case of Holland v. State *ex rel.* Duval County, 23 Fla. 123, 1 South. Rep. 521, has announced the rule that: "Where a statute imposes a power or duty upon a board of officers, and to execute such power or perform such duty, it becomes necessary to obtain a writ of mandamus, they may apply for the same." State *ex rel.* Guyton v. Croom, 48 Fla. 176, 37 South. Rep. 303.

In the case in hand the proposed vendor of the clay lots held his title in fee thereto, including possession thereof, which possession the relators as County Commissioners could not acquire without first paying the agreed purchase price therefor, upon the payment of which the said County Commissioners were to acquire *for their county* a fee simple title to the said lots.

The facts of this case are entirely different from those in the cases of Pennock v. State *ex rel.* Hood, 61 Fla. 383, 54 South. Rep. 1004, and Wiecking v. State *ex rel.* Coachman, 66 Fla. 49, 62 South. Rep. 898. In these two last

mentioned cases, the warrants sought to be coerced by mandamus were for the payment of claims for attorneys' fees alleged to be due to third parties who were alone interested in the payment thereof, and in which the relator officers had no direct interest whatsoever. The head note in the last cited case of Wiecking v. State *ex rel.* Coachman, 66 Fla. 49, 62 South. Rep. 898, is misleading broad. It should be qualified so as to read as follows: "The County Commissioners are not the proper parties to mandamus the clerk to draw a warrant ordered by them in favor of private parties, unless such commissioners are officially directly interested in the payment of such warrant."

In the case under consideration the warrant ordered by the relators as County Commissioners to be drawn in favor of the third party Hall represented the purchase price, the *quid pro quo*, of real estate to be acquired by such commissioners from said Hall for their county, and of course they were directly interested in the making and payment of such warrant.

The judgment of the court below herein is hereby reversed at the cost of the respondent with directions to overrule the demurrer of the respondent to the alternative writ.

BROWNE, C. J., AND WHITFIELD, ELLIS AND WEST, J. J., concur.