DREW, E. HARRIS, Associate Judge.
Appellant Charles J. Anderson filed his fourth amended complaint against the Town of Groveland, its Mayor and Councilmen, seeking an injunction restraining the Town and its officials from taking or interfering with certain real estate within the municipality alleged to be owned by the plaintiff.[1]
A motion was made to dismiss the said complaint on the ground that -it failed to state a cause of action against the defendants or any of them upon which relief could be granted. From a final decree of the trial court sustaining the motion to dismiss and dismissing the cause with prejudice this appeal has been duly prosecuted.
It is obvious from an examination of the final decree of the trial court that his ultimate judgment in dismissing the cause with prejudice was influenced by disclosures at previous hearings on the three prior complaints. Inasmuch as this appeal is prosecuted from the final decree sustaining the motion to dismiss the fourth amended complaint and the assignments of errors relate only to the correctness of that ruling, our consideration of the cause is necessarily confined to a determination of the basic issue of whether the fourth amended complaint stated a cause of action upon which relief could be granted.[2] We are not authorized to consider allegations of any of the three former complaints or any other portions of the record which might bear upon the issues except the plat of Taylorville, Florida, which was attached to the third amended complaint and by appropriate reference made a part of the fourth amended complaint.
The complaint itself is a model' of brevity. We think it contains the necessary allegations to justify appropriate relief if the plaintiff is able to support his allegations with sufficient and competent proof. The rules[3] provide that a complaint shall be brief and concise and state the ultimate facts but shall be of a sufficient nature to inform defendant of the cause against him. Inherent in the rule is a suggestion of brevity.
The complaint avers that the plaintiff is the owner of certain lands and has been in the actual, exclusive, uninterrupted and hostile possession of said lands-for a period of forty-two years prior to-the filing of the complaint. While the recorded plat shows that the land described as being owned by plaintiff is a street lying between Blocks 125 and 126 and terminates at the waters of a lake, such fact does not preclude the possibility that the plaintiff may be the owner of the property and entitled to possession thereof. The plat contains no formal dedication *571 of the streets. The filing of the plat by the original owners of the fee showing streets laid out thereon is an offer to dedicate which offer may be accepted by the affected parties at any time prior to its lawful withdrawal by the owner of the fee. Formal or written acceptance is not necessary nor is a public body ordinarily required to pave the streets to the full or partial width so shown until the necessity therefor arises.[4] It has only been in comparatively modern times that paving streets was necessary to their effective use. In the days of horse drawn vehicles or pedestrian or animal travel, there was little need for pavements or improvements such as are required in this era; hence evidence to establish acceptance was necessarily of a different sort. Until the offer of dedication created by the filing of the plat was lawfully withdrawn by the owners, the streets designated thereon remained public streets. The corollary of this, of course, is that the owner who has platted the same may at any time prior to the lawful acceptance of said offer of dedication withdraw the same, in which event the unencumbered fee to the streets so offered to be dedicated would be vested in the owner with full power to sell or dispose of said lands in any lawful manner.[5] In this case if the plaintiff can prove, as he has alleged, that he acquired the legal title to said lands unencumbered by the offer to dedicate, that he owns said lands so unencumbered at the time of hearing and that the city was attempting to use said lands for public streets or other public purposes without his consent, he would be entitled to the relief which he seeks.
The trial court was of the view that his final decree dismissing the cause was required by the holding of the Supreme Court in the cases of Indian Rocks Beach South Shore v. Ewell, Fla., 59 So.2d 647, 32 A.L.R.2d 940, and Waterman v. Smith, Fla., 94 So.2d 186. We do not think these cases support the conclusions of the learned chancellor. Both cases were decided upon a factual situation after the evidence of the parties had been submitted to and considered by the court. It may well be that when the facts are disclosed in the instant case it may be disposed of on the authority of the foregoing cases but such cannot be said to be true at the present stage of the proceedings.
 As a general proposition, equity will not enjoin a trespass but there are many exceptions to this rule. If it can be shown that the remedy at law is inadequate to give full relief, equity will intervene.[6] We think the exception is particularly applicable and equity has a particular field to operate in where attempted trespass by a public or quasi-public corporation vested with the power of eminent domain is involved. Such a corporation may acquire the private lands of individuals for public purposes but in such event it is required to make a sufficient deposit to insure the payment therefor or make actual payment before it takes possession of the landowner’s property. Moreover, the landowner is entitled to have his damages assessed by a jury of twelve men and to receive additional compensation for the payment of his attorneys’ fees and other material costs in the defense thereof. For these reasons it is entirely proper for a court of equity to use its processes to compel such corporations possessing the power of eminent domain to acquire the land in the manner prescribed by law and to enjoin any trespass in the meantime.
We have carefully considered the opinion of this court in Walton v. City of *572 Clermont, 109 So.2d 403, relating to a similar matter in the light of the disclosures of this record. That opinion may be of benefit to the trial court in the disposition of this cause on the merits and after the facts have been established either on a trial or appropriate summary methods but, at this point, it is neither controlling nor pertinent to the determination of the question of whether the complaint states a cause of action on which relief can be granted, the sole point here.
This cause is reversed with directions to vacate the decree dismissing the complaint with prejudice, to allow the defendant to plead and for further proceedings in accordance with the rules of the court and the views herein expressed.
ALLEN, C. J., and KANNER, J., concur.

.The germane portions of the fourth amended complaint read as follows:
“1. That the plaintiff is the owner of a certain strip or parcel of land measuring 60 feet in width and approximately 200 feet in length, lying between Blocks 125 and 126 as represented on Map of Taylorville, Florida, filed May 15, 1911, and recorded in Plat Book 2, pages 7 and 8, public records of Lake County, Florida, a certified copy of which is attached to the Third Amended Complaint filed herein, and is now, and has been the owner of, and in the actual, exclusive, uninterrupted and hostile possession of said parcel of land for many years, to-wit: since on or about the 1st day of February, 1916.
“2. That the defendants are now attempting to take a part of said lands and appropriate the same for street purposes without due process of law.
“3. That unless restrained by this Honorable Court, the defendants will cause irreparable damage to the property of the plaintiff.”

. Rule 3.3, 1954 Florida Appellate Rules, 31 F.S.A. Redditt v. State, Fla., 84 So.2d 317; 88 So.2d 126.

. Rule 1.8(b), 1954 Florida Rules of Civil Procedure, 30 F.S.A.

. 10 Fla.Jur. (Dedication) page 9, paragraph 15 et seq.

. We are not concerned here with any private rights that might be acquired by a lot purchaser in the subdivision to use said streets or portions thereof for access to his property.

.17 Fla.Jur. (Injunctions) page 399, paragraph 41.