455 So.2d 566 (1984)
William L. HUGHES, Appellant,
v.
TOWN OF MEXICO BEACH, Appellee.
No. AU-443.
District Court of Appeal of Florida, First District.
August 28, 1984.
Scott R. Nabors of Hutto & Nabors, Panama City, for appellant.
Paul G. Komarek of Daniel, Komarek & Martinec, Panama City, for appellee.
PER CURIAM.
Appellant appeals from an adverse final judgment rendered below denying appellant's claim of ownership of a strip of property located in Bay County, Florida. Appellant disputed the appellee's claim of ownership by dedication of a 25-foot wide, approximately 130 foot long parcel of property located within a previously subdivided unit of land in what is now Mexico Beach, Florida. The disputed property is located between two lots owned by appellant, Lots 2 and 3 of a six-lot unit of property recorded as Mexico Beach Unit No. 6, Block 1.
Appellant's primary argument centers on the contention that there neither was nor could be a formal acceptance of the dedication of the disputed strip under Section 177.081, Florida Statutes (1983), and that the evidence is not sufficient to support a claim of ownership by any governmental authority under Section 95.361, Florida Statutes (1983).[1]
Appellee, on the other hand, points out that the disputed parcel is a part of a dedicated street shown on the original plat of the subdivision, which was duly approved by the county commission and recorded *567 as required by law in 1951. Appellee maintains further that the evidence before the trial court was ample to establish acceptance of the dedication by improvement of some of the streets in the subdivision, and by public use of those streets as well as the disputed strip for many years prior to as well as after the time efforts were made by appellant or his predecessors to establish private ownership or control over the property.
The acceptance of a dedication of property for public use can be either by formal action of the government to whom the dedication is offered, or by public user. Hollywood v. Zinkil, 283 So.2d 581 (Fla. 4th DCA 1973), quashed in part on other grounds, 321 So.2d 65 (Fla. 1975), on remand, 403 So.2d 528 (Fla. 4th DCA 1981). Hence, formal or written acceptance is unnecessary. Anderson v. Town of Groveland, 113 So.2d 569 (Fla.2d DCA 1959). The acceptance of some of the streets or roads in a platted subdivision is said to constitute an acceptance of the offer to dedicate all of the roads in the subdivision, absent proof of an intention to limit the acceptance. Indian Rocks Beach South Shore v. Ewell, 59 So.2d 647 (Fla. 1952), followed in Town of Palm Beach v. Palm Beach County, 313 So.2d 770, 771 (Fla. 4th DCA 1975). Moreover, acceptance of a dedication is implied from the actual use of the property by the public. 19 Fla.Jur.2d, Dedication, Section 20.
Upon our consideration of the briefs and the record, we conclude that the trial judge did not err in determining that the disputed parcel was a dedicated street owned and held by the Town of Mexico Beach for public use. We find appellant's argument on equitable estoppel grounds wholly without merit.
The judgment appealed from is therefore AFFIRMED.
SMITH, WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] By action on April 27, 1982, subsequent to the filing of this action, appellee formally accepted all dedicated property within its corporate limits.