SMITH, Judge.
This is an appeal from a final judgment denying all relief sought by Ecological Development, Inc. in its action against Walton County. This controversy was precipitated by the county commissioners’ vote to terminate the county’s maintenance obligation over certain public roads. We reverse in part, and affirm in part.
The appellant, Ecological Development, Inc., is the owner and developer of Oak-wood Hills subdivision in Walton County. According to the trial court’s findings of fact contained in the final judgment, the roads in Units I, II, III and IV of Oakwood Hills were dedicated and accepted by the county as public roads and public rights-of-way during the period between 1970 and 1978.
On August 28, 1979, the Walton County Commissioners voted to abandon the county’s obligation to maintain certain roads in Oakwood Hills subdivision. However, the county did not close or abandon the roads in question. Thus, while the county did not relinquish its right of supervision and control over the roads as public rights-of-way, it determined that it would no longer perform maintenance of these roads.
Ecological Development filed suit, alleging the county is without authority to abandon maintenance of the roads, and that its refusal to maintain the roads in Oakwood Hills is in derogation of its statutory duties. Ecological Development sought damages, declaratory and injunctive relief, as well as a writ of mandamus. The county maintained below (as here) that the roads were not properly built, causing considerable maintenance problems. Following a bench trial, the trial court found that the county was acting within its authority in declining maintenance on the roads, and denied all requested relief.
It is undisputed that the county approved the Oakwood Hills subdivision plat containing a dedication of the roads in question, and that the county thereafter voluntarily undertook to maintain, and in certain instances improve the roads. We have not found, within any statutory or case law cited by appellee, any authority for a county, after acceptance of a dedication of a road for public use, to disclaim any responsibility for maintenance of that road, except by the abandonment procedure set forth in section 336.10,' Florida *1071 Statutes (1979). As held by the Florida Supreme Court, in an early case (though in another context), State ex rel White, et al. v. MacGibbon, et al., 79 Fla. 132, 84 So. 91 (1920), quoted in Hillsborough County v. Highway Engineering & Construction Co., 145 Fla. 83, 199 So. 499, 503 (1941):
Under our statutes the Boards of County Commissioners are given plenary power and authority over the location, building, repairing, and keeping in order the public roads in their respective counties, and it is made one of their continuous duties so to locate, build, repair, and keep said roads in good order, (emphasis supplied).
We are not persuaded that the language of section 177.081(2), Florida Statutes (1979), changes this long-standing interpretation of a county’s duties with respect to its public roads. Section 177.081(2) provides, in part, that when a plat containing dedicated streets or rights-of-way has been approved by the governing body and recorded as required by law, such streets and rights-of-way shall be deemed to have been dedicated to the public use. The last sentence of that subsection, which is relied upon by appellee as providing the statutory authority for its actions, provides:
However, nothing herein shall be construed as creating an obligation upon any governing body to perform any act of construction or maintenance within such dedicated areas except when the obligation is voluntarily assumed by the governing body.
Appellee argues that the above-quoted language allows the county to disclaim any duty of maintenance or repair of a county road, while still retaining claim to the right-of-way as a county road for public use. We do not find in this language the meaning ascribed to it by appellee. Rather, our reading of this statute, considered in para materia with other provisions dealing with the county’s authority concerning roads, is that a county is not obligated, nor can it be compelled, to perform or provide for any particular construction or maintenance, except such as it voluntarily assumes to do. This is far removed, however, from the notion advanced by appellee that it can accept established roadways within the county, undertake to maintain the same, and later by resolution or other official action (short of abandonment) relieve itself of all duties with respect to maintenance of such roads.[1]
Clearly, the county had the authority to vacate or abandon the roads altogether under section 336.09, Florida Statutes, which provides, in part, that
[county] commissioners, with respect to property under their control, ... are hereby authorized and empowered to:
(a) Vacate, abandon, discontinue and close any existing public or private street, ... and to renounce and disclaim any right of the county and the public in and to any land in connection therewith;
[[Image here]]
We do not read the above section as authorizing, as appellee suggests, the total renunciation by the county of its maintenance duties on county roads, while maintaining the status of such roads as county roads for public use. Neither do we find the authority claimed by appellee within section 125.01(l)(m), which, among other things, grants to the governing body of a county the power to “[pjrovide and regulate” roads. As noted above, section 336.-09 provides authority for the abandonment of roads. Section 336.10 provides the procedure to be followed by the county in effecting such abandonment. We find nothing within these statutory provisions allowing the county to abandon its duty of maintenance, while at the same time retaining the power to “provide and regulate” the right-of-way as a county road under *1072 section 125.01(l)(m), and to continue to be “invested with the general superintendence and control” of the roads under section 336.02.
Accordingly, we agree with Ecological Development that the county has exceeded its authority. Because we find the action taken by the county to be unauthorized, we need not address the second issue raised by Ecological Development concerning the procedures followed by the county in its attempt to abandon maintenance.
Finally, while we find that declaratory relief is warranted, we find no basis for relief by way of injunction or writ of mandamus to compel the county to immediately resume maintenance work, or to restore the roads to their prior condition. Whether Ecological Development might be entitled to further relief under different pleadings and evidence we do not undertake- to decide. Ecological Development concedes, however, that the relief sought in this proceeding does not encompass any declaration by the court with respect to the county’s exercise of its discretion regarding the frequency, quality or extent of maintenance for the roads in question. Our holding is accordingly limited to the narrow issue of whether any justification is shown for the county’s placement of these roads on a “no maintenance” status, while still retaining county easements or rights-of-way for control and use as public roads. We hold that no such authority exists. We also point out that Ecological Development has made no argument with respect to the trial court’s denial of its claim for damages, and we therefore affirm that portion of the final judgment denying relief by way of damages.
REVERSED in part, AFFIRMED in part, and REMANDED for further proceedings consistent with this opinion.
THOMPSON and MINER, JJ., concur.

. While appellee attempts to justify its action complained of here on the grounds that some of the roads, or portions of them, were improperly constructed at the time of acceptance by the county, there was no evidence that the county's formal acceptance of the dedicated roadways did not include all of the roads in the subdivision. See, Hughes v. Town of Mexico Beach, 455 So.2d 566 (Fla. 1st DCA 1984) (acceptance of some of the streets or roads in a platted subdivision constitutes an acceptance of the offer to dedicate all of the roads in the subdivision, absent proof of an intention to limit the acceptance).