THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.*

EDWARD E. LAWRENCE,

*v.*

THE BOARD OF SUPERVISORS OF CLARK COUNTY.

1  MANDAMUS—*when awarded.* Where the ordinary proceedings at law afford a remedy, the writ of mandamus is never awarded.

2.  The holder of a county order, drawn upon the general revenue fund of the county, may have a judgment against the county in the ordinary mode of legal proceeding, but he cannot have his remedy by mandamus, to compel the board of supervisors to levy a tax for its payment.

APPEAL from the Circuit Court of Clark county; the Hon. H. B. DECIUS, Judge, presiding.

The opinion states the case.

Mr. JOHN SCHOLFIELD, for the appellants.

Mr. O. B. FICKLIN, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an appeal from the Circuit Court of Clark county, to reverse a judgment quashing an alternative writ of manda-mus issued by that court, on the relation of Edward E. Law-rence, against the Board of Supervisors of that county. The object of the writ was to compel the board to levy a tax to pay a certain county order held by the relator, and issued to him for military services in the late rebellion.

We do not deem it necessary to discuss the various ques-tions raised by counsel on this appeal, as the consideration of a single point will dispose of the whole case.

The order issued by the Board of Supervisors, on which this proceeding is based, is as follows:

"VOLUNTEER BOUNTY ORDER.        No 40.
"State of Illinois, Clark county.
"Board of Supervisors, January Special Term, 1865.

"Treasurer of said county, pay to Edward E. Lawrence or bearer, the sum of four hundred dollars, for services rendered the United States as a soldier, out of moneys in the treasury not otherwise appropriated.
"A. B. BRISCOE, County Clerk.
"$400.
"Countersigned by
"WM. H. COONS, Treasurer."

This order is not drawn upon the "Bounty tax fund" created by the act of the general assembly of February 7, 1865, but upon the general revenue fund, and must be treated in the same way as such special orders have always been treated. It has no preference over any other county order drawn upon that fund. It has never been understood, and it never should be, that the holder of such an order had the right, on refusal

of payment, to apply for a mandamus to compel payment. Holders of such paper have no claims to this extraordinary proceeding to enforce its payment.   On its face, it is no more than an acknowledgment that the sum specified in it is due by the county to the holder, and to be paid out of its ordinary county revenue, and it is accepted as such.   Unfortunate, indeed, would be the condition of counties, if every holder of its orders, no matter how small the sum might be, could call for this high prerogative writ to compel payment of them.   There would be no end to applications for them, could this be sanctioned.

As a holder of this order, drawn on the general fund, the relator is in no different or better position than those countless multitudes are, in every county, having such paper.   If not paid when a demand is made at the treasury, a judgment can be had against the county.   The remedy is complete at law to that extent, and where the ordinary proceedings at law afford a remedy, this writ is never awarded. Certainly, this is not a case to justify it.

The judgment quashing the writ is affirmed.

*Judgment affirmed.*