PORTLAND STONE WARE COMPANY *vs.* ESBON S. TAYLOR, District Treasurer of the District of Narragansett.

WILLIAM SPRAGUE *et al.,* Members of the District Council of the District of Narragansett, *vs.* THE SAME.

When mandamus is resorted to for enforcing a private right, the person interested is the proper applicant for the writ. When mandamus is resorted to for enforcing a public right, the People is the real party, and the applicant need not show any legal interest.

A special fund was on deposit for a special purpose to be disbursed by a town council. The council contracted for this purpose with A. to provide material, and after delivery of the material gave to A. orders on the town treasurer to be paid out of this fund.

*Held,* that A. was entitled to an alternative writ of mandamus against the town treasurer for the payment of the orders.

*Held,* further, that A., and not the town council, was the proper applicant for the writ.

PETITIONS for writs of Mandamus. On motions to dismiss the petitions.

*Providence, May* 10, 1890. STINESS, J. Two questions are presented in these cases: *First,* whether mandamus will lie; and if so, *second,* upon which petition, — that of the members of the district council of Narragansett, or that of the creditor.

It appears that authority was given to the district by Pub. Laws R. I. cap. 726, of June 13, 1888, to borrow a sum not exceeding one hundred thousand dollars, to be used by said district for roads,

sewerage, water supply, fire purposes, and public buildings, and for no other purposes, under the direction of the district council; that the district duly authorized the district council to borrow the sum of one hundred thousand dollars upon the bonds of the district, which has been done, and the proceeds have been deposited in the Wakefield National Bank, as a special deposit for the purposes aforesaid. In pursuance of the authority so given, the district council contracted with the Portland Stone Ware Co. for drain pipe to be used for the purpose of sewerage, and, after delivery, gave to said company two orders directing the treasurer of the district to pay the bills thus incurred out of said fund, which is ample to meet said orders; but the treasurer refuses to pay said orders, whereupon these petitions for mandamus are filed.

The respondent moves to dismiss both petitions, upon the ground that neither can be maintained. Upon this motion, only the facts set forth in the petition are before us.

As to the question, who is the proper party to petition for mandamus, the rule is well settled, as stated by Breese, C. J., in *City of Ottawa* v. *The People*, 48 Ill. 233, 240: "When the remedy is resorted to for the purpose of enforcing a private right, the person interested in having the right enforced must be the relator. The relator is considered the real party, and his right to the relief must clearly appear; but where the object is the enforcement of a public right, the People are regarded as the real party, and the relator need not show he has any legal interest in the result. It is enough that he is interested, as a citizen, in having the laws executed and the duty in question enforced." As examples of the latter class may be cited *The People* v. *Collins*, 19 Wend. 56, which was a petition to compel commissioners of highways to open and work a certain road. The relator was interested in having the road opened, as one of the public, the subject of the petition being the public work itself. So in *Hamilton* v. *The State*, 3 Ind. 452, where a county auditor refused to issue a duplicate list for the collection of taxes. In *The County of Pike* v. *The State*, 11 Ill. 202, a commissioner to expend a certain fund was held to be a proper relator where the fund had been mixed with the general fund of a county. See, also, *State* v. *Staley*, 38 Ohio St. 259. Without referring to other cases, of which there are many, where an officer or citizen not directly inter-

ested in the result is held to be a proper party, it will be found that the relief sought in this class of cases is the performance of some duty affecting the public generally. The object sought to be attained in the cases now before us is a purely personal and private right of a creditor to obtain payment of its orders. It is urged, in argument, that the action of the treasurer interferes with the proceedings of the council in carrying out one of the purposes specified in cap. 726, and thus it becomes a matter of public concern, in regard to which any one may petition. While it is doubtless true that contractors will not so readily take jobs where there will be trouble in getting their pay, yet it is not alleged that the public work is impeded in this respect; and even if it were, assuming the duty to pay the order, it is one in which the creditor alone is interested, and to which the hindrance to the public work is simply incidental. We think, therefore, that the creditor is the proper party to petition for mandamus. We come, then, to the question whether the creditor can maintain his petition. It appears that the fund, out of which payment is sought, is a special fund, on special deposit for a special purpose. The expenditure of this fund is expressly given to the district council. So far as the treasurer is concerned, he has simply the ministerial duty to pay it out under the direction of the council. In cases of this kind mandamus will lie. In *The County of Pike* v. *The State, supra*, the commissioner stood in the relation of creditor as well as an officer, as the money was to be paid to him, and mandamus was awarded. In *Insane Hospital* v. *Higgins*, 15 Ill. 185, it was held that mandamus is the proper remedy when payment is due from a particular fund. So in *The State of Missouri* v. *The Treasurer of Calloway Co.* 43 Mo. 228, 230, the court say: "There is no doubt of the jurisdiction of this court by mandamus against county treasurers who refuse to pay claims properly audited. They are ministerial officers, and can be compelled to perform their plain duty." In *Apgar* v. *Trustees of School District No. 4*, 34 N. J. Law, 308, the petitioner, having rendered services as a teacher, was refused compensation out of the fund specially provided for that purpose; but the court held she had an interest in the fund, which could not be reached in a suit against the trustees, or in any other way. In *Harvey* v. *Philbrick*, 49 N. J. Law, 374, the governing municipal body contracted a debt, and gave an order on the treas-

urer to pay it: he refused on the ground that the borough was not legally organized, and hence the debt was not legally due; but the court decided that, even if the commissioners were *de facto* officers only, it was clear that mandamus would lie.   In *Lindabury* v. *Freeholders of Ocean*, 47 N. J. Law, 417, an assistant had been employed in the trial of a homicide case.   The court considered the approval of his bill·by the presiding judge and the order for its payment an auditing and that mandamus should issue, stating as the rule of the court that when facts are in dispute the party will be left to his·action; but if the facts are undisputed, the court will exercise its discretion in deciding legal questions on application for the writ, or putting the party to an action.   See, also, *Knight* v. *Freeholders of Ocean*, 48 N. J. Law, 70; *People* v. *The Board of Auditors of Wayne*, 13 Mich. 233; *The People* v. *Edmonds*, 19 Barb. S. C. 468; *Commonwealth* v. *Johnson & Felton*, 2 Binn. 275; *State of·Wisconsin* v. *Haben*, 22 Wisc. 660.   But the respondent contends that the creditor has a remedy by action against the district, which is not only adequate but exclusive, and that no mandamus can issue until after judgment and refusal or neglect to pay.   The cases already cited are sufficient to show that mandamus may issue without an action, and why should we say that a party must sue for a claim that, so far as appears, is not and cannot be disputed? The accounts are allowed by the proper authority, and ordered to be paid from a fund set apart for the purpose for which the debt was incurred.   This is all that could be done on an audited account.   Indeed, it is an audited account, upon which the duty of a treasurer, unless he can show some error or fraud, on account of which this court should withhold its order, is the ministerial duty to pay to the extent of the fund.   To hold otherwise would enable a treasurer, of his own motion, to put the creditor to the delay and the district to the expense of a suit, and that, too, against its will and order.   Moreover, the judgment in such cases would be against the district generally, and might be larger in amount than the sum authorized; whereas, in the present proceedings, there can be no order beyond the amount of the fund.   In *The People* v. *Clark Co.* 50 Ill. 213, cited by the defendant, the court makes the distinction, in refusing mandamus, that the order in that case was drawn upon the county generally, and not upon a special fund.   In

this respect, it was not like the case before us. It was stated at the hearing that the district had directed the treasurer not to pay these orders, but upon what ground, other than the questions of law raised in this case, does not appear. We do not, therefore, pass upon any defence that may properly be set up in a return; but simply say now that we see no reason, from anything as yet shown or stated to us, why the motion to dismiss the creditor's petition should not be denied, and an alternative writ ordered to issue. The petition of the members of the district council, for the reasons stated, must be dismissed.

*James M. Ripley & John F. Lonsdale*, for petitioners.
*James Tillinghast*, for respondent.