## City of Chicago v. J. E. McNichols et al.

1. PRACTICE—*Assumpsit Lies for Money Collected by a City on an Installment of a Special Assessment.*—Where a city issues a voucher for work done, to be paid for out of the collection of an installment of a special assessment, and makes a collection of the installment for which

the voucher is issued, assumpsit will lie upon the promise in the voucher · to pay from the funds so collected, and the objection that a judgment against the city in such an action would result in compelling payment out of the general city property instead of the special assessment fund alone, is not well taken.

**Assumpsit,** upon a special assessment voucher. Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Reversed, with a finding of facts. Opinion filed November 26, 1901.

**Statement.**—This is an action in assumpsit by appellees to recover upon a special assessment voucher, which is as follows:

Warrant No. 18,441.   Estimate No. 1.   Installment No. 5.
SPECIAL ASSESSMENT VOUCHER.
Bureau of Sewers.

CHICAGO, May 21, 1894.

From the collection of the fifth installment of the special assessment above mentioned made by the city of Chicago, and as confirmed by the County Court of Cook County, Illinois, on the 13th day of September, A. D. 1893, for the purpose of improving building sewers in the city of Chicago, Illinois, but out of no other assessment or fund on the —— day of —— 189-, or when and as so collected and in the city treasury, the city of Chicago will pay to J. E. and T. Mc-Nichols or order, the sum of six thousand two hundred and eighty-five and 24-100 dollars, being part of fifth installment of the contract price upon the contract of said sewer for said work, with interest thereon at the rate of six per cent per annum, from the 21st day of May, 1894, and annually thereafter, or when and as thereafter collected and in the city treasury, or so much of said principal sum and such interest as shall be so collected by said city upon said installment and interest thereon.

This voucher is for part only of said fifth installment of the contract price for such improvement, and will only share *pro rata* with the vouchers for the remaining part thereof, in such principal moneys and interest so collected.

This voucher is given under sections 55 and 63 of article 9 of an act of the General Assembly of the State of Illinois, entitled "An act to provide for the incorporation of cities and villages," approved April 10, 1872, as amended by the act approved June 15, 1891, in payment for part of

the work, labor and materials done, performed and furnished for said improvement.

By accepting this voucher the holder thereof expressly agrees that the city of Chicago shall and does have the right to pay the whole or any part thereof at any time after the date hereof. The agreement of said J. E. and T. McNichols accepting this voucher hereafter appearing is a part of this voucher.

N. J. JONES,
Commissioner of Public Works.

Registered :
   L. S. HAYES, ·
     Acting Chief Clerk,       WM. K. ACKERMAN,
     Comptroller's Office.         City Comptroller.

In consideration of the issuing of this voucher we hereby for ourselves, heirs, executors, administrators and assigns, accept the same in full payment of the amount herein stated, and relinquish any and all claims or liens we may have against the city of Chicago for the work mentioned herein, or for the payment of this voucher, except from the collection of the installment herein named.

J. E. and T. McNICHOLS,
Contractors.

It appears that $212 was assessed against the city for public benefits, and is unpaid; that the city collected within $109.06 of the principal of the voucher; that the city paid appellees all it has collected on account of the principal and $24 more; that it has collected $1,323.63 on account of interest of which it has paid appellees only $1,079.64, leaving $243.99 collected by the city but not paid over; that the entire balance unpaid upon the voucher at the time of the trial was $85.24 principal, and $621.35 interest, a total of $706.59, for which judgment was rendered against appellant.

CHARLES M. WALKER, Corporation Counsel, and ROSWELL. B. MASON, Assistant Corporation Counsel, attorneys for appellant.

CHARLES S. BABCOCK, attorney for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is contended for the city that the proof did not war-

rant any verdict; that assumpsit is not the proper form of action; that as the appellees agreed to be paid from the special assessment fund only, they have no general claim and can not recover against the city; that their remedy is by mandamus for the amount collected and not turned over, and for a new and supplemental assessment for the uncollected balance; that the release or waiver signed by appellees released the city in any event except from collection of the installment, and that the verdict is excessive.

That the proof warrants a verdict against the city for the amount it has collected of the fifth installment of the special assessment is, we think, clear. The voucher contains an express promise to pay. It creates, therefore, to the extent of the fund collected, a contract obligation, and to that extent we know of no reason why the city is not subject to an action *ex contractu*. If so, assumpsit will lie. There is in this no departure from the manner of compensation prescribed by the statute. Having funds in hand which it has expressly agreed to pay upon the voucher sued on, it is liable upon its promise to pay, as in the case of any other promisor. Cases holding that a warrant drawn against a tax levy discharges the corporation from liability on account of the services for which it is drawn, as in Law v. The People, 87 Ill. 385, see p. 400, referred to by appellant's counsel, are not in point. It is true " the warrant is given and received in full satisfaction for the services rendered or material furnished." But in the case before us the suit is not for such services or material. It is upon the specific promise to pay according to the terms of the warrant itself. The statute in force when this assessment was made provided that persons accepting a voucher like the one in question here, shall relinquish all claim or lien thereon against the municipality, " except from the collection of the installment" for which said voucher is issued. '(Sec. 63, Art. 9, Chap. 24, R. S.) The suit in the case before us is brought upon the promise to pay from the funds so collected. The objection that a judgment against the city in such action would result in compelling payment out of the general city prop-

erty instead of the special assessment fund alone, is not well taken, where, as in this case, it appears that the city has collected and holds money belonging to said fund.   When so collected, the name under which the money is held is a mere matter of bookkeeping.   It is the city and the whole city which holds the money, and the whole city is liable therefor.

The remedy is complete at law to the extent of the money so collected and mandamus is not the appropriate remedy. "Where the ordinary proceedings at law afford a remedy this writ (mandamus) is never awarded." People v. Clark County, 50 Ill. 213, 215.

It appears that $243.99 remains in the city's possession on account of the interest collected from the fifth installment against which this voucher is drawn.   It further appears that the unpaid amount assessed against the city for public benefits is $212.   This last can only be collected by general taxation.   (Newman v. City of Chicago, 153 Ill. 469, p. 476.) An item from the annual appropriation ordinance appropriating " for public benefits including the improvement of Randolph street market $21,000," was introduced in evidence, tending to show that general taxation for public benefits had been resorted to, and payment of such benefits provided for.   By its terms the appropriation was for public benefits generally, and out of it can undoubtedly be paid any such benefits remaining unpaid.   We regard the evidence as properly admitted.  The total amount collected and on hand liable for the payment of the voucher sued upon is therefore $243.99 interest and $212 assessed against the city for public benefits, making a total of $455.99. From this should be deducted an over-payment of $24 made by the city upon the principal, with which appellant is entitled to be credited, leaving a balance of $431.99, applicable upon appellees' voucher.

It is said by appellant's counsel that from all that appears, the interest money collected from property holders " may have been used to pay some other voucher payable out of this fifth installment."   If any of it has been thus used, it

was matter of defense, and the burden of proof was on appellant. No such evidence was offered. So far as appears appellees' voucher was the only one so payable.

For the amount collected and not paid over, appellees are entitled to judgment. Whether to compel collection of the balance mandamus is the appropriate remedy is not now before us. At all events appellees are not entitled in this action to recover such uncollected balance. To the extent, then, that the judgment exceeds the sum mentioned, it is erroneous. We do not deem it necessary, however, to send the case back for a new trial. There is a definite amount which the evidence shows appellees are undoubtedly entitled to recover. The judgment of the Circuit Court will therefore be reversed and judgment entered here in favor of appellees for $431.99. Reversed.

**Finding of Facts.**—The court finds that the appellant has collected and holds the sum of $243.99, which is due upon appellees' voucher sued on, for interest collected from property-holders upon the fifth installment of the assessment in said voucher mentioned; that there is due upon said voucher the sum of $212 assessed against appellant for public benefits from said assessment; that appellant has paid upon the principal of said voucher $24 more than it has collected, for which it is entitled to be credited; that there is due appellees from appellant after deducting said credit the sum of $431.99.