THE STATE, EX REL. BOROUGH OF EMERSON, A MUNICI-
PAL CORPORATION, PETITIONER, v. FRANK PASCA-
RELLA, MAYOR OF THE BOROUGH OF EMERSON, DE-
FENDANT.

Submitted May 4, 1937—Decided July 27, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the petitioner, *Dominick F. Pachella.*

For the defendant, *Frank Pascarella.*

BROGAN, CHIEF JUSTICE. This matter comes before us on a rule to show cause why a peremptory or alternative *mandamus* should not be awarded to the relator to compel the mayor of the borough of Emerson to sign certain salary warrants. The facts are conceded to be these: On January 1st, 1937, a resolution was adopted by the borough council of Emerson, a municipal corporation, appointing Pater Pepe, Joseph Pavese, Fred Heinrichs and John Argenzia, special police officers of the borough for the year 1937. This resolution was not presented to the mayor for his concurrence, the borough attorney being of the opinion that it was unnecessary to do so. A second resolution was passed fixing the compen-

sation of these men at seventy-five cents an hour when employed. This resolution was presented to the mayor who returned it with his disapproval. The council passed the resolution over the veto. The special officers entered upon their duties and on February 9th, 1937, a resolution was adopted by the borough council authorizing payment of the bills submitted by these special officers for services rendered. The mayor vetoed the resolution calling for payment and the council, in turn, passed the resolution over the veto and directed the borough clerk to prepare and sign warrants for the payment of these salary claims and to present such warrants to the mayor for his signature. The mayor refused to sign the warrants and the council, on March 9th, 1937, directed the borough attorney to take appropriate action to compel the mayor to sign. The rule to show cause why *mandamus* should not issue is now before us.

It will be noticed that the moving party in this action is the municipal corporation *qua talis*. It does not seem to us, in the circumstances, that the borough is the proper party to appear in the role of relator when the purpose of the writ is to enforce a private right. The rule is otherwise where the object of the writ is to compel the enforcement of a public right. Such has been the practice. *Crane* v. *Shoenthal,* 76 *N. J. L.* 378; *American La France, &c.,* v. *Seymour,* 79 *Id.* 92; *Butler* v. *Plainfield,* 5 *N. J. Mis. R.* 170. The creditor and not the borough should be the applying party. *Ottowa* v. *People,* 48 *Ill.* 233, 240; *Portland Stone-ware Co.* v. *Taylor* (*R. I.*), 19 *Atl. Rep.* 1086. There is no doubt of the power to compel municipal officials, by *mandamus,* to do that which is necessary to pay a claim of a creditor, properly proved and audited, when same should be done *ex aequo et bono.*

It is a prime requisite to allowing a *mandamus* against public officers, as here, that the moving party have a personal interest in the right sought to be enforced. We perceive no such personal interest in the present relator. *High Extr. Rem.* (*3d ed.*) 431, 432, 433, § 33. While our adjudicated cases are not in entire accord, we none the less think that in cases where

private rights are concerned, the party relator should be possessed of the right which it is sought to protect and enforce. *Cf. Bamford* v. *Hollinshead,* 47 *N. J. L.* 440, and cases there collected.

The failure of the parties creditor to seek relief personally is a fatal element which leads to a quashing of the rule.

The rule will be discharged, with costs, but without prejudice to a new application by the interested parties for relief.