197 P.2d 533

## BARRY v. PHŒNIX UNION HIGH SCHOOL, DIST. OF MARICOPA COUNTY.

No. 5094.

Supreme Court of Arizona.

Sept. 20, 1948.

Kramer, Morrison, Roche & Perry, of Phœnix, for appellant.

Francis J. Donofrio, County Atty., Fred C. Struckmeyer, Jr., Deputy County Atty., both of Phœnix, for appellee.

UDALL, Justice.

Appellee, Phœnix Union High School District, (petitioner in the court below) sought and obtained a peremptory writ of mandamus directing appellant (respondent) John H. Barry as County School Superintendent of Maricopa County to draw a warrant upon the County Treasurer of such county against the school fund of the district in the sum of $10,638.45, payable to Arizona Hardware Company, in partial payment of equipment for the school cafeteria. (The parties will be hereinafter referred to as they were in the lower court.)

Respondent in defense of his refusal to issue the warrant challenged the right of petitioner to bring the action, and by his answer set forth other defenses hereinafter stated. Judgment having gone against him, after a trial on the merits, this appeal followed.

The respondent in his brief urges that the trial court erred in directing a peremptory writ of mandamus against him and in rendering judgment in favor of petitioner, because it appears upon the face of the petition and from the evidence that (a) petitioner is not the party beneficially interested in the action, the real party in interest being the Arizona Hardware Company, a private corporation; (b) that this proposed expenditure was not included within petitioner's high school budget as is required by law; (c) the petitioner does not operate the cafeteria, or lunch room for which the equipment in question was purchased but, without authority of law, rents the same to a voluntary unincorporated association of high school students.

We shall consider these propositions in the above order. The first objection, which evidently is the assignment principally relied upon, raises a procedural question as to the form of action, while the other two go to its substance.

Section 28-201, A.C.A.1939, reads in part as follows: "The writ of mandamus may be issued by the supreme or superior court on the verified complaint of the party beneficially interested * * *."

The respondent contends that a school district is not the proper party to obtain mandamus compelling the payment of its funds to one of its creditors; he urges that the creditor and not the district should have brought the action. In support of this position we are cited to a score of cases, from this jurisdiction where creditors have brought mandamus actions against the State Auditor, for example see Clark v. Frohmiller, 53 Ariz. 286, 88 P.2d 542; Ear-.

hart v. Frohmiller, 65 Ariz. 221, 178 P.2d 436.

While generally in Arizona this may have been the practice, it does not necessarily follow that under all circumstances the creditor, and he alone, may bring such an action. In fact in the case of State ex rel. Colorado River Commission v. Frohmiller, 46 Ariz. 413, 52 P.2d 483 (which was a mandamus action by the Commission to enforce payment for services rendered by its attorney) the identical procedural question here raised was presented but was left undertermined as the court proceeded to dispose of the matter then before it upon its merits. We see no reason to longer side step the issue although we do recognize the difficulty in laying down any overall general rule in this field where under varied statutes, so many conflicting decisions are to be found. See Annotation-Mandamus-Proper Relators 113 A.L.R. 589.

■ Basically we must determine whether the petitioner is a "party beneficially interested" Sec. 28-201, supra. This phrase when used in a statute such as this will not receive a close construction but must be applied liberally to promote the ends of justice. Semones v. Needles, 137 Iowa 177, 114 N.W. 904, 906, 14 L.R.A.,N.S., 1156, 15 Ann.Cas. 1012; and Nelson v. Ecklund, 68 N.D. 724, 283 N.W. 273, 275, from which we quote: "It is not necessary for the applicant to show that the decisions sought to be reviewed enhanced his rights, increased his property, or was productive of

good to him. One is beneficially interested in a proceeding if one has a special right in the matter involved so that the decision affects it even adversely for one has a right to have the right protected. * * *"

■ We believe that the correct rule to apply, to a situation as is here presented, is stated in 55 C.J.S., Mandamus, § 45, p. 75: "Public officers or boards of officers may maintain proceedings in mandamus to compel other officers to perform ministerial acts which come within the scope of their supervision or which are necessary to be performed in order to enable such officer or board to perform its own duty. * * *"

See also 35 Am.Jur., mandamus, sections 320 and 322; and for late cases squarely in point see: State ex rel. Board of Education v. Cavendish, 81 W.Va. 266, 94 S.E. 149; City of Roseville v. Tulley, 55 Cal.App.2d 601, 131 P.2d 395. Board of Social Welfare v. Los Angeles County, 27 Cal.2d 98, 162 P.2d 627; State ex rel. Norris v. Chancey, 129 Fla. 194, 176 So. 78, 113 A.L.R. 576. For cases to the contrary, which are chiefly relied upon by respondent, see: Borough of Emerson v. Pascarella, 118 N.J.L. 469, 193 A. 539; Portland Stone-Ware Co. v. Taylor, 17 R.I. 33, 19 A. 1086; State ex rel. Starrett v. James, 14 Wash. 82, 44 P. 116; Wiecking v. State ex rel. Coachman, 66 Fla. 49, 62 So. 898; Pennock v. State ex rel. Hood, 61 Fla. 383, 54 So. 1004. These early Florida cases, just cited, were in effect modified or overruled by the late

Florida leading case of Norris v. Chancey, supra.

The board of education has full supervision of the schools in its district including the carrying out of the school lunch program, sec. 4, Chap. 98, Laws of 1947, and was therefore vitally concerned in seeing that its vouchers were honored by respondent in order that its financial integrity might be maintained and its manifold duties discharged.

We hold that petitioner, as relator, had a direct official interest or duty to serve in the proceeding, therefore it was a "party beneficially interested" and entitled under the statute to bring this mandamus action.

Going next to the merits of the case, it is of course true that a warrant may not lawfully be drawn by the school superintendent for a purpose not included within the budget of the school district. Sec. 1, Chap. 79, Laws of 1941; Sec. 54-301, A.C.A.1939, Supp. The Petitioner introduced in evidence the High School District's annual budget for the year 1947-8 which appears on the printed form supplied by the State Department of Education. Sec. 54-201, A.C.A.1939. This budget was submitted to the County School Superintendent (respondent) as required by Sec. 54-603, A.C.A.1939, as amended by Sec. 4, Chap. 79, Laws of 1941. The footnote to part VI of the budget provides: "Expenditures for lunch rooms, which could be classified as administration, operation, maintenance or capital outlay (*for equipment*), may be budgeted under items II or III in the School District Annual Budget from the District General Fund * * *." (Emphasis supplied.)

Then under estimated expenditures, Item III, there is set forth for capital outlay, including equipment, the sum of $231,535.49. In Form F-1-a an analysis of the estimated current expenses for the fiscal year 1947-1948, there was specified an item of $26,-339.99 for repair and replacement of equipment—material.

Again, under the same analysis under Item VII Capital Outlay appears the item of $150,484.69 for equipment, furniture and apparatus.

Furthermore, it was stipulated at the trial that in preparing the budget for the year 1947-1948, the records of the Phœnix Union High School District show that there was an itemized breakdown in detail covering proposed expenditures on the cafeteria. It would appear, therefore, that pursuant to instructions by the State Superintendent of Public Instruction and the forms as furnished by that office, both from the school district's annual budget and the analysis of the estimated current expenses attached thereto, the proposed expenditure for lunch room equipment was for a purpose included within the petitioner's budget. The trial court was therefore fully justified in so holding, hence there is no basis in fact for respondent's second assignment of error.

Finally, we consider the third ground urged for reversal which seeks to legally justify the refusal of the County School Superintendent to draw a warrant in payment for lunch room equipment on the theory that the lease of the furnished cafeteria to the associated students of Phœnix Union High School, who actually serve the lunches, is contrary to law. It is our opinion that the legality of this lease is a matter wholly independent and apart from the validity of the purchase of such equipment. The school board is expressly authorized to purchase equipment, Sec. 4, Chap. 98 of the laws of 1947, and once purchased, it becomes the property of the school board. The rental of the equipment and facilities to the associated students in no way could effect petitioner's right to purchase same or infringe upon the board's ownership. By such purchases and by such a method of carrying out the school lunch program, the board is doing no more than was intended by the legislature. It is certainly no concern of the County School Superintendent that the equipment which is being purchased to carry out the school lunch program is to be used by the students themselves; respondent cannot set himself up as an arbiter of the appropriateness of the chosen method of carrying out such program. In the final analysis the responsibility for the operation of this program rests squarely upon the High School Board which should not be handicapped in the discharge of their duties by administrative or judicial fiat. The third assignment of error is wholly without merit.

Judgment affirmed.

STANFORD, C. J., and LaPRADE, J., concur.