112 Ariz. 478 (1975)
543 P.2d 1107
Walter ARMER and Dan Clarke, Members of the Board of Directors of the Central Arizona Water Conservancy District, Petitioners,
v.
SUPERIOR COURT OF the State of ARIZONA, IN AND FOR the COUNTY OF PIMA, the Honorable Norman S. Fenton, a Judge thereof, Terry D. Thure, Chairperson of Citizens to Revise Arizona's Water Laws, a nonprofit Arizona corporation, and Barbara Tellman, a member thereof, Respondents.
No. 12274.
Supreme Court of Arizona, In Banc.
December 18, 1975.
Snell & Wilmer by Mark Wilmer and George H. Lyons, Phoenix, for petitioners.
Risner, Wolf & Raven by William J. Risner, Tucson for respondents.
Dennis DeConcini, Pima County Atty., Tucson, Moise Berger, Maricopa County Atty. by David B. Krom, Deputy County Atty., Phoenix, for amicus curiae.
*479 CAMERON, Chief Justice.
This is a petition for special action by Walter Armer and Dan Clarke, members of the Board of Directors of the Central Arizona Water Conservation District (CAWCD). We accepted jurisdiction because the question is one of statewide importance and because there was no adequate remedy by way of appeal.
We must answer two questions:
1. Did the respondents have standing to bring this action in the trial court?
2. Does Pima County's ordinance requiring financial disclosure by county officers apply to the petitioners, members of the board of a multi-county water conservation district?
The facts are not in dispute. Petitioners are members of the board of directors of a multi-county water conservation district who have not filed financial disclosure statements pursuant to either the Arizona disclosure statute, A.R.S. § 38-542, or the Pima County disclosure ordinance, Pima County Ordinance No. 1975-1, enacted pursuant to A.R.S. § 38-545. Respondents Thure and Tellman are, respectively, Chairperson and member of Citizens to Revise Arizona's Water Laws, a non-profit Arizona corporation. They brought an action in the Pima County Superior Court seeking an order requiring that respondents Armer and Clarke, who are residents of and were elected from Pima County, file disclosure statements under Pima County Ordinance No. 1975-1.
The trial judge issued an order to show cause why the petitioners herein should not be required forthwith to file financial disclosure statements. Petitioners then filed a motion to dismiss and to quash the order to show cause, which motion was denied by a minute entry dated 24 July 1975. Petitioners filed the present action in this court asserting that the trial court acted arbitrarily and abused its discretion in denying the motion to dismiss.
STANDING
Petitioners, relying upon a number of United States Supreme Court cases, argue that the respondents Thure and Tellman lacked standing to bring an action to enforce the Pima County financial disclosure ordinance. Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1975); Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); Laird v. Tatum, 408 U.S. 1, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972); O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); Association of Data Processing Service Org., Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970); and United States v. Students Chal. Reg. Agcy. Pro. (SCRAP), 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973). We do not believe, however, that those cases are controlling in the instant action in the Arizona courts. The question for this court is whether, as a matter of Arizona law, respondents had standing in the trial court to bring a special action in the nature of a mandamus. By Rules 1 and 2 of the Rules of Procedure for Special Actions, 17A A.R.S., special actions are substituted for mandamus and other extraordinary writs. Our statute provides as follows:
"§ 12-2021. Issuance of writ
"A writ of mandamus may be issued by the supreme or superior court to any person, inferior tribunal, corporation or board, though the governor or other state officer is a member thereof, on the verified complaint of the party beneficially interested, to compel, when there is not a plain, adequate and speedy remedy at law, performance of an act which the law specially imposes as a duty resulting from an office, trust or station, or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled and from *480 which he is unlawfully precluded by such inferior tribunal, corporation, board or person." (Emphasis added)
And we have stated in construing § 28-201, A.C.A. 1939, the predecessor section of A.R.S. § 12-2021:
"Basically we must determine whether the petitioner is a `party beneficially interested' Sec. 28-201, supra. This phrase when used in a statute such as this will not receive a close construction but must be applied liberally to promote the ends of justice." Barry v. Phoenix Union High School, 67 Ariz. 384, 387, 197 P.2d 533, 534 (1948).
Respondents Thure and Tellman are assertedly citizens and taxpayers of Pima County which county is part of the Central Arizona Water Conservation District. We believe they are beneficially interested in having the petitioners comply with the law on financial disclosure.
"* * * [W]here the question is one of public right and the object of the mandamus is to procure the enforcement of public duty, the people are regarded as the real party and the relator need not show that he has any * * * special interest in the result, since it is sufficient that he is interested as a citizen or taxpayer in having the laws executed and the duty in question enforced * * *." State ex rel. Nimon v. Village of Springdale, 6 Ohio St.2d 1, 4, 215 N.E.2d 592, 595 (1966), quoting 35 Ohio Jurisprudence 2d 426, § 141.
See also People ex rel. Baird v. Bd. of Supervisors of Kings County, 138 N.Y. 95, 33 N.E. 827 (1893); Hollman v. Warren, 32 Cal.2d 351, 196 P.2d 562 (1948); 52 Am.Jur.2d Mandamus § 389; contra, Young v. Regents of University of Kansas, 87 Kan. 239, 124 P. 150 (1912); Davidson v. Council of City of Beaver Falls, 348 Pa. 207, 34 A.2d 505 (1943), overruled on other grounds, Dombrowski v. City of Philadelphia, 431 Pa. 199, 245 A.2d 238 (1968).
If the petitioners, as members of the board, are in fact required by law to make a financial disclosure and have refused to do so, respondents, as members of the public for whose benefit the financial disclosure law was enacted, have standing to bring an action in the nature of mandamus to require disclosure.
PETITIONERS' DUTY TO FILE FINANCIAL DISCLOSURE STATEMENTS
For the purpose of requiring public officers to file financial disclosure statements, our statute defines public officers and local public officers as follows:
"4. `Public officer' means a member of the legislature and any judge of the court of appeals and the superior court, or a person holding an elective office, the constituency of which embraces the entire geographical limits of the state of Arizona. Members of congress shall not be deemed to be public officers as defined in this paragraph.
"5. `Local public officer' means a person holding an elective office of an incorporated city, town or county." A.R.S. § 38-541.
And:
"Notwithstanding the provisions of any law, charter, or ordinance to the contrary, every incorporated city, town or county shall by ordinance, rule, resolution, or regulation adopt standards of financial disclosure consistent with the provisions of this chapter applicable to public officers." A.R.S. § 38-545.
By statute, a "multi-county water conservation district" is "a district composed of three or more counties which have joined together for the creation of a district." A.R.S. § 45-2601. The statute further provides:
"A. A district shall be administered by a board of directors. The number of directors shall be determined by the population of the district. Each county in the district shall elect a member of each one hundred thousand people or major portion thereof as certified by the secretary *481 of state based on the last decennial census of the United States, but each county shall have at least one member on the board. The initial board of directors shall be appointed by the governor on such a population basis and shall serve for a term expiring on the first day of January, 1973. Only those persons who are qualified electors of the counties which are included in the district may be appointed or elected to the board of directors." A.R.S. § 45-2608.
Petitioners are not state public officers for the purpose of financial disclosure since they are not members of the legislature, a judge of the Court of Appeals, or officers whose constituency embraces the entire State. It is interesting to note in this regard the members of the Court of Appeals who are members of a multi-county district but who are elected from one or more counties within that multi-county district, A.R.S. §§ 12-120, 120.01 and 120.02, were specifically included while petitioners' district was not.
Neither are petitioners local public officers since they do not hold "an elective office of an incorporated city, town or county." A.R.S. § 38-541. Even though they are elected from a particular county, they still represent a three-county constituency. Therefore, Pima County Ordinance No. 1975-1, as enacted pursuant to A.R.S. § 38-545, does not require members of a multi-county water conservation district to file a financial disclosure statement with the county.
The legislature may require the officers of a multi-county district to file financial disclosure statements, but it cannot delegate to a county the power to require members of a board of directors of a multi-county district to do so. Petitioners do not hold an office of Pima County and are not subject to the Pima County Ordinance No. 1975-1.
Upon issuance of the mandate herein the matter is ordered returned to the trial court with instructions to dismiss the petition of the respondents herein.
STRUCKMEYER, V.C.J., and HAYS, HOLOHAN, and GORDON, JJ., concur.