NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STRONG COMMUNITIES FOUNDATION OF ARIZONA
INCORPORATED; ERIC LOVELIS; WILLIAM JOSEPH APPLETON
AND LAURA HARRISON, *Plaintiffs/Appellants*,

*v.*

YAVAPAI COUNTY; CRAIG L. BROWN; JAMES GREGORY; DONNA G.
MICHAELS; MARY MALLORY; HARRY B. OBERG, in their respective
official capacities as members of the Yavapai County Board of
Supervisors; MICHELLE M. BURCHILL, in her official capacity as
Yavapai County Recorder; MARICOPA COUNTY; BILL GATES; STEVE
GALLARDO; THOMAS GALVIN; CLINT HICKMAN, and JACK
SELLERS, in their respective official  capacities as members of the
Maricopa County Board of Supervisors; STEPHEN RICHER, in his
capacity as Maricopa County Recorder; COCONINO COUNTY;
JERONIMO VASQUEZ; PATRICE HORSTMAN; ADAM HESS; JUDY
BEGAY, and LENA FOWLER, in their respective official capacities as
members of the Coconino County Board of Supervisors; and PATTY
HANSEN, in her official Capacity as Coconino County Recorder,
*Defendants/Appellees*,

and

ARIZONA ALLIANCE FOR RETIRED AMERICANS AND VOTO
LATINO,
*Intervenors/Appellees*.

Appeal from the Superior Court in Yavapai County
No. S1300CV202400175
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

COUNSEL

America First Legal Foundation, Washington, D.C.
By James K. Rogers
*Co-Counsel for Plaintiffs/Appellants*

Jennifer Wright, Esq., PLC, Phoenix
By Jennifer Wright
*Co-Counsel for Plaintiffs/Appellants*

Yavapai County Attorney's Office, Prescott
By Michael J. Gordon, Thomas M. Stoxen, Benjamin D. Kreutzberg
*Counsel for Defendants/Appellees*

Elias Law Group, LLP, Washington, D.C.
By Lalitha D. Madduri, Christina Ford
*Co-Counsel for Intervenors/Appellees*

Coppersmith Brockelman, PLC, Phoenix
By Austin C. Yost
*Co-Counsel for Intervenors/Appellees*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge David B. Gass and Chief Judge Randall M. Howe joined.

---

**F O S T E R**, Judge:

¶1          Strong Communities Foundation of Arizona Incorporated, Eric Lovelis, William Joseph Appleton and Laura Harrison (collectively, "Plaintiffs") sued several counties and individuals ("Defendants") alleging issues with election administration and procedures. After dismissing several Defendants and multiple motions for dismissal and judgment on the pleadings, the superior court dismissed the case for lack of standing. This Court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2          Plaintiffs filed their special action complaint in Yavapai County in February 2024, alleging that the election practices of several counties violate Arizona law. Specific to Yavapai County, Plaintiffs alleged the County's printers malfunctioned, resulting in long lines in at least one voting center. Plaintiffs also alleged that Yavapai County expressly stated it would not follow the letter of the law in administration of elections, allow unstaffed drop boxes, not follow proper curing procedures, cancel voter registrations of electors and follow unlawful signature verification procedures. The allegations against Yavapai County and its officials included claims that Yavapai County planned to use voting centers and not comply with the law in the 2024 election. These claims fall into five categories: (1) voting center printer malfunctions, (2) unlawful signature verification procedures, (3) unlawful cancelation of registered voters, (4) unlawful signature curing procedures and (5) unstaffed drop boxes. Arizona Alliance for Retired Americans and Voto Latino's ("Intervenors") sought to intervene as defendants, which the court granted.

¶3          Yavapai County sought dismissal of Plaintiffs' claims on ripeness, mootness, the Political Question Doctrine and argued failure to state a claim. Yavapai County also moved for partial summary judgment on the unstaffed drop box issue. It argued there were no genuine issues of material fact because "election officials are not required to be continuously present at drop box locations." Intervenors then separately moved to

dismiss, arguing that Plaintiffs lacked standing because they failed to "allege *any* injury to themselves, past, present, or future." Yavapai County joined in that motion.

**¶4** The superior court heard argument on Yavapai County's motions for partial summary judgment and judgment on the pleadings, Intervenors' motion to dismiss and Plaintiff's motion for partial summary judgment. After argument, the court granted Intervenors' motion to dismiss and denied Plaintiff's motion for partial summary judgment.

**¶5** The court addressed several issues in its decision. First, the court found that Plaintiffs lacked standing for declaratory relief because they failed to allege injury. Second, as to Plaintiffs' request for mandamus relief, the court dismissed all of Plaintiffs' claims for either lack of standing or failure to state a claim.[1]

**¶6** Plaintiffs timely appealed. This Court has jurisdiction under A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶7** Plaintiffs challenge the court's dismissal on several grounds: (1) standing for declaratory relief; (2) sufficiency of claims for mandamus relief on unstaffed drop boxes, canceling voter registration without notice, signature curing procedures and signature verification; and (3) relief on the merits. This Court reviews dismissal of a complaint *de novo. Coleman v. City of Mesa,* 230 Ariz. 352, 355, ¶ 7 (2012).

### I. Relief under the Uniform Declaratory Judgments Act is unavailable.

**¶8** The superior court found that Plaintiffs lacked standing for declaratory relief because they failed to allege injury. Courts review standing *de novo. Brush & Nib Studio, LC v. City of Phoenix*, 247 Ariz. 269, 279, ¶ 34 (2019). In reviewing whether the Plaintiffs failed to state a claim for declaratory relief, this Court examines "the sufficiency of the claims as asserted in the complaint," *Yes on Prop 200 v. Napolitano*, 215 Ariz. 458, 468,

---

[1] In their complaint, Plaintiffs asserted a statutory violation regarding printer failures in Yavapai County but did not raise this claim in their opening brief. Therefore, Plaintiffs waive that claim on appeal. *See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) ("Opening briefs must present and address significant arguments, supported by authority that set forth the appellant's position on the issue in question.").

¶ 29 (App. 2007), and assumes the truth of all well-pled factual allegations, "but mere conclusory statements are insufficient," *State ex rel. Brnovich v. Ariz. Bd. of Regents*, 250 Ariz. 127, 130, ¶ 7 (2020).

**¶9** A declaratory judgment is available for "[a]ny person . . . whose rights, status or other legal relations are affected by a statute." A.R.S. § 12-1832. Standing under the Uniform Declaratory Judgments Act ("Act") requires (1) "an actual controversy ripe for adjudication" and (2) "parties with a real interest in the questions to be resolved." *Bd. of Supervisors of Maricopa Cnty. v. Woodall*, 120 Ariz. 379, 380 (1978). That interest must be tangible, not one grounded on speculation. *See Ariz. Sch. Bds. Ass'n v. State*, 252 Ariz. 219, 225, ¶ 16 (2022) (relief sought cannot seek an answer to an abstract question). Though a declaratory judgment can be prospective, it is not appropriate if the relief sought is advisory. *Id.*

**¶10** Misconduct in election administration is sufficient to state a claim by a voter if it affected the result of the election. *See* A.R.S. § 16-672. Here, as the court noted, Plaintiffs do not allege any right, status or other legal relation to establish standing. They do not allege that they were or will be denied the right to vote. And Plaintiffs do not contest the results of an election based on statutorily enumerated grounds. *See* A.R.S. § 16-672(A). Rather, Plaintiff Harrison asserts the same claims any Yavapai voter may have, she disagrees with Yavapai County's election practices. *See Mills v. Ariz. Bd. of Tech. Registration*, 253 Ariz. 415, 423, ¶ 24 (2022) ("[A] generalized harm shared by all or by a large class of people is generally insufficient."). Similarly, the generalized harm Strong Communities asserts in the complaint does not confer standing. Strong Communities highlights that "an essential part of its mission" is "ensuring that Arizona's elections are free, fair and lawfully administered." But merely asserting a part of its mission in the organization's activities as an interest does not confer standing. *Ariz. Sch. Bds. Ass'n*, 252 Ariz. at 225, ¶ 18 ("This approach prevents parties from eviscerating the standing requirement by merely asserting an interest."). Plaintiffs fail to demonstrate an actual controversy or real interest and therefore lack standing to seek declaratory relief. The court properly dismissed the complaint as to the Act.

## II.    Mandamus relief is unavailable.

**¶11** Mandamus is an extraordinary remedy issued by a court to compel a public officer to perform an act for which the law specifically imposes a duty. A.R.S. § 12-2021. Mandamus relief is not available to compel a discretionary act. *Ariz. Republican Party v. Richer*, 257 Ariz. 237, 245, ¶ 21 (2024) (citing *Sears v. Hull*, 192 Ariz. 65 (1998)). But even for

nondiscretionary acts, a party in a mandamus action must establish standing by showing the party holds a beneficial interest in the action the party seeks to compel. A.R.S. § 12-2021; *Ariz. Pub. Integrity All. v. Fontes*, 250 Ariz. 58, 62, ¶ 11 (2020). When determining whether a party is beneficially interested, courts apply a relaxed standard as compared to determining standing for other purposes. *Id.* In such cases, courts should consider beneficial interests to "promote the ends of justice." *Id.* (quoting *Barry v. Phoenix Union High Sch.*, 67 Ariz. 384, 387 (1948)).

A. Unstaffed drop boxes

¶12 Plaintiffs argue that the court erred in finding that they pled insufficient facts to state a claim for mandamus relief on their ballot drop box claim. Section 16-1005(E) provides:

> A person or entity that knowingly solicits the collection of voted or unvoted ballots by misrepresenting itself as an election official or as an official ballot repository or is found to be serving as a ballot drop off site, other than those established and staffed by election officials, is guilty of a class 5 felony.

A.R.S. § 16-1005(E). Plaintiffs interpret § 16-1005(E) to require a properly "staffed" drop box have "at least two election officials [who] are present at the box and positioned close enough to" observe voters drop their ballots into the box. But Plaintiffs point to no authority to support their claim.

¶13 Plaintiffs' reliance on § 16-1005(E) fails. Section 16-1005(E) proscribes criminal conduct related to ballots. It does not mandate election officials perform a nondiscretionary duty. *See* A.R.S. § 16-1005. "The general rule is that 'no private cause of action should be inferred based on a criminal statute where there is no indication whatsoever that the legislature intended to protect any special group by creating a private cause of action by a member of that group.'" *Phoenix Baptist Hosp. & Med. Ctr. Inc. v. Aiken*, 179 Ariz. 289, 294 (App. 1994) (citation omitted); *see also* A.R.S. § 16-1021 (the attorney general, county attorney or city or town attorney enforces criminal statutes during a state election). This reasoning alone bars any mandamus relief Plaintiffs seek.

¶14 Even so, Plaintiffs fail to demonstrate how Yavapai County has failed to exercise a nondiscretionary duty. Though § 16-1005 does not define "staffed," no provision in the Elections Procedures Manual ("EPM"), adopted in 2023 and applicable to this case supports Plaintiffs' arguments. The 2023 EPM allows a county to establish drop boxes and requires drop

boxes be "located in a secure location, such as inside or in front of a federal, state, local, or tribal government building." *2023 Elections Procedures Manual*, II(I), pdf 84. A drop box may be placed outdoors if "staffed by election officials . . . and securely fastened in a manner to prevent moving or tampering." *Id.* at II(I)(1)(a). Plaintiffs present no evidence to support the requirements they interpret to exist in § 16-1005(E).

## B.  Canceling voter registration without notice

**¶15**          Plaintiffs alleged in their complaint that Yavapai County automatically canceled voters' registrations without notice or consent and the superior court dismissed this claim, finding that Plaintiffs failed to demonstrate particularized harm. On appeal, Plaintiffs argue that this issue was inappropriate for dismissal on the pleadings because it involved a factual dispute. Plaintiffs also argue that the court erred in determining that Yavapai County was not obligated to send notices when canceling voters' registrations.

**¶16**          Section 16-121(A) states that "[a] person continues to be a qualified elector until that person's registration is canceled under § 16-165." A.R.S. § 16-121(A). Only two scenarios require notification of cancellation under § 16-165, neither of which apply here. *See* A.R.S. § 16-165(A)(2)–(8), (11). Paragraph (8) applies "[w]hen the county recorder receives written information from the person registered that the person has a change of residence within the county. A.R.S. § 16-165(A)(8). Paragraph (11) applies "[w]hen the county recorder receives confirmation from another county recorder that the person registered has registered to vote in that other county." A.R.S. § 16-165(A)(11). Plaintiffs do not rely on those paragraphs.

**¶17**          Plaintiffs' arguments about canceling voters' registrations do not support a claim that Yavapai County failed to perform a nondiscretionary act and therefore Plaintiffs cannot establish standing through this argument.

## C.  Signature curing procedures

**¶18**          Plaintiffs also assert that Yavapai County erred by contacting voters using the phone number listed on an early ballot return envelope when it determined the signature on an early ballot was inconsistent with the signature on the voter's registration record.

**¶19**          Under A.R.S. § 16-550, upon receiving an early ballot, the county recorder must:

compare the signature on the envelope with the signature of
the elector on the elector's registration record as prescribed by
§ 16-550.01. If the signature is inconsistent with the elector's
signature on the elector's registration record, the county
recorder or other officer in charge of elections shall make
reasonable efforts to contact the voter, advise the voter of the
inconsistent signature and allow the voter to correct or the
county to confirm the inconsistent signature.

A.R.S. § 16-550(A). Though the statute mandates a recorder make
"reasonable efforts" to contact the elector, the details of those efforts are
discretionary. A.R.S. § 16-550(A). Similarly, the 2023 EPM provides "rules
to achieve and maintain the maximum degree of correctness, impartiality,
uniformity and efficiency on the procedures for early voting and voting."
A.R.S. § 16-452(A); *see McKenna v. Soto*, 250 Ariz. 469, 473, ¶ 20 (2021). It
provides various methods for county recorders to "make reasonable and
meaningful attempts" when a county recorder identifies an inconsistent
signature. Contrary to Plaintiffs' arguments, these various methods of
signature verification demonstrate a county recorder retains discretion to
determine the appropriate verification method to ensure accuracy of
voting. This discretion precludes mandamus relief. *See Blankenbaker v.
Marks*, 231 Ariz. 575, 577, ¶ 7 (App. 2013) ("In some circumstances,
mandamus may be used to compel a public officer to perform a
discretionary act, but not to exercise that discretion in any particular
manner."); *see also Ariz. Republican Party*, 257 Ariz. at 245, ¶ 21 ("If such
officer is not specifically required to perform the duty or has any discretion
as to what shall be done, [mandamus] does not [apply].") (quotation
omitted).

### D. Signature verification claim

¶20 Finally, Plaintiffs allege that Yavapai County uses unlawful
signature verification procedures for early ballots containing a voter
assistant's signature. Their complaint states:

[t]he Defendants' practice of deeming valid any signature or
mark contained on the ballot affidavit, whether consistent or
inconsistent with the signature or mark on the registration
record, any time a voter assistant is listed on the ballot
affidavit envelope, without contacting the voter "to correct …
the inconsistent signature" or mark does not comply with
Arizona law.

Plaintiffs reason that no Arizona law permits Yavapai County to confirm a signature in this scenario and Yavapai County has unlawfully confirmed "valid any signature or mark contained on the ballot affidavit," regardless of whether it is consistent or inconsistent.

**¶21**     Even assuming the truth of well-pled factual allegations, Plaintiffs do not provide any support for their claim. Including conclusory statements in the complaint does not make the complaint ineffective, but a complaint with only legal conclusions absent supporting factual allegations is an insufficient pleading. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008); *see also* Ariz. R. Civ. P. 8 (pleadings must include a "claim showing that the pleader is entitled to relief"). Therefore, Plaintiffs fail to state a claim, and the court properly dismissed the case.

## CONCLUSION

**¶22**     This Court affirms.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR